No. 69.—Augustus F. Williams and others, plaintiffs in error, *vs.* Samuel Rawlins, administrator of Thos. W. Rawlins, deceased, defendant.

[1.] A plaintiff in ejectment is entitled to sue for and recover *land* under letters which empower him to administer " *the goods and chattels, rights and credits*" of the deceased.

[2.] The provision in the Judiciary Act of 1799, inhibiting defendants from denying any deed, bond, bill, single or penal note, draft, receipt or order, unless upon oath, applies to such instruments only, as are the foundation of the suit, and not to such as are *collaterally* introduced in evidence.

[3.] Either party in an ejectment cause, is entitled to impeach by proof— and without making an affidavit that it is a forgery—the genuineness of a deed tendered in evidence ; and if necessary, time will be given, upon suitable showing, to procure testimony.

Ejectment, from Gordon Superior Court.    Tried before Judge John H. LUMPKIN, May Term, 1851.

This was an action of ejectment, brought by the plaintiff in error against the defendants.    On the trial, plaintiff offered in evidence, his letters of administration, granting him the power to administer the " goods, rights and credits," of his intestate, which were objected to by defendants, as not conveying any right to sue for land.    The Court overruled the objection and the plaintiff proceeded.

For the defence, there was offered a deed from Silas A. Brown, to defendants, and a deed from Thomas W. Rawlins, plaintiff's intestate, to Silas A. Brown, both covering the land in dispute.    To this last deed, plaintiff objected and offered an affidavit, swearing that his intestate had never executed the same.    Defendant insisted that the affidavit could not be heard, and that the deed, being regularly proven and recorded under the Statute, ought to· be admitted without further proof.    The Court decided to hear the affidavit of plaintiff, and no further proof of the deed being offered, it was rejected, and the Jury found for the plaintiff.    Whereupon defendants excepted to the ruling of the Court, in admitting the letters of administration ot plaintiff, and in permitting the plaintiff to deny by his own oath the genuineness of the alleged deed of his intestate, and in re-jecting said deed without other evidence against it than said affidavit.

AKIN & JOHNSON, for plaintiffs in error.

ALEXANDER, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Samuel Rawlins, as administrator of Thomas W. Rawlins, de-ceased, brought an action of ejectment against Augustus F. Williams and William C. Jones, to recover a lot of land in Gor-

don County, to which William H. Bailey was made a co-defendant.

[1.] On the trial, the plaintiff introduced in evidence, the grant from the State of Georgia to his intestate—his letters of administration granted by the Court of Ordinary of Pulaski County—proved the possession of the defendants, and closed his case.

His letters of administration were objected to, on the ground that they entitled him only to administer the *personal* property of his intestate, and not his *real estate ;* and consequently conferred no authority to sue for land.   The power delegated, was to administer *"the goods and chattels, rights and credits"* of the decedent.

We think this question virtually decided in *Sorrell vs. Ham & Ham,* 9 *Geo. R.* 55.   If it were not, a practice of a half century, sustaining this form of letters, as a grant to dispose of the *entire estate,* is reason enough why it should not be disturbed at this late day.   Every change is an evil.   *Omnis innovatio plus ovitate perturbat quam felicitate prodest.*   Better to abide by former decisions, even where they work some inconvenience, unless evidently contrary to reason and law.   Here no possible mischief has arisen from the rule as established.   None can grow out of it.   Besides, it is the form prescribed by the Legislature to the *"people"* and *" especially County officers,"* upon the report and approval of the very able Committee appointed by the Governor to examine the " Form Book of Howell Cobb, Esquire." (*Cobb's Analysis,* 4, 234.)   After all, the word *" rights"* is exceedingly broad, and was intended no doubt, to include every species of property, whether real or personal, in possession or expectancy, belonging to the deceased.

[2.] In support of the defendant's title, a deed was read from Silas A. Brown to Wm. H. Bailey, one of the co-defendants, dated 7th February, 1838, and recorded the 13th day of March next thereafter, for the premises in dispute.   Then a deed from Thomas W. Rawlins, the plaintiff's intestate, to Silas A. Brown, dated 24th of January, 1838, regularly proven, and recorded 26th day of February, 1838.   The plaintiff objected to the in-

troduction of this evidence as offered, and was allowed by the Court to make oath that this deed was not executed by his intestate, nor any one for him ; but that the same was a forgery. To this decision the defendant by his counsel excepted.

The course pursued by the presiding Judge in this case, was so obviously in furtherance of justice, that it is with difficulty we have obtained our consent to overrule it. That scores of land titles have been falsely and fraudulently manufactured in this State, and smuggled through the Courts, under the provisions of our registry Acts, I have no doubt; and to prevent this mischief, the Judge established a rule, which if it had the sanction of the Legislature, which I trust it soon will, would receive unqualified approbation. But had he authority of law for doing this ?

It is conceded in the argument, and is undoubtedly true, that this case is not embraced in the provision of the Judiciary Act of 1799, requiring parties to deny on oath, instruments of writing, upon which they are sued. That Statute relates only to writings which are the foundation of the action; indeed, it does not apply by analogy even to this case ; for that provision was made for the benefit of plaintiffs. It relieves them from the necessity of proving the execution of the instrument upon which the suit is brought, contrary to the rule of the Common Law, unless the defendant will put in the plea of *non est factum,* and verify it.

Whereas, the proposition here is, to allow the adverse party, after the deed has been proven according to law, and placed in a condition to be read as evidence, to have it withheld from the Jury, without additional proof as to its execution. I repeat, the provision in the Act of 1799 is for the benefit of plaintiffs, but this decision is for the protection of defendants, or the contesting party at least, by allowing them to make testimony for themselves, and to use it to defeat the operation of competent evidence already legally admitted on the other side.

We apprehend that this cannot be done. It is to legislate, to all intents and purposes, and not to legislate in a vacant field merely, but to repeal an existing Statute; for by the law, as it

now stands, when deeds are recorded upon the official attestation of a Magistrate, or proof of their execution by one of the subscribing witnesses, they are allowed to be read in evidence without further proof of their execution. But the decision says that this shall not be done, if the opposite party will deny the genuineness of the deed on oath.

We know of no such practice—one which authorizes *non est factum*, to be pleaded not *directly* to the instrument which is the foundation of the suit, but collaterally to a piece of evidence; nor is it absolutely necessary, however convenient it might be, to resort to such a proceeding, in order to get rid of a forged deed.

[3.] It may be impeached without it, and if it be sprung upon the party by surprise, and he is not prepared with proof to assail it, a continuance should be moved for, supported by affidavit, for the purpose of attacking its validity. And the Courts, upon application, would compel the original to be filed in the Clerk's office, to be inspected by persons acquainted with the handwriting of the grantor and witnesses, or to be attached to interrogatories, as the exigencies of the case might require. And all other means failing, resort might be had by bill, to the conscience of the grantee and all others who were suspected to be concerned in the fraud.