Cooper *v.* Granberry.

correct; and it is therefore affirmed, and the cause remanded, to be proceeded with upon the decree.

| 33 | 117 |
| 85 | 836 |

----•-◦•-►----

J. S. C. COOPER *v.* J. B. GRANBERRY.

1. AMENDMENT: PLEADING.—Amendments of the pleadings are always allowable when necessary to secure a trial upon the merits; and hence, where in an action of ejectment, the plaintiff, by mistake, brought suit for land which he did not claim, it was held proper for the court to allow him to amend his complaint, so as to embrace the land really in controversy.

2. WITNESS: COMPETENCY OF: RESTORED BY RELEASE.—The vendor, who has made a deed with covenants of warranty of title, may be a witness for his vendee, in an action by him to recover possession of the land, if the vendee first release him from his covenants.

3. SAME: RELEASE OF INTEREST: HOW PROVEN.—If a release by the vendee to the vendor, from his covenants of warranty of title to the land in controversy, appears in the deposition of the vendor, taken on behalf of the vendee, it will be presumed, in the absence of a showing to the contrary, to have been duly accepted by the vendor, so as to make the deposition competent evidence.

4. EVIDENCE: SECONDARY, ADMISSIBLE TO PROVE CONTENTS OF DEED.—Parol evidence is admissible to prove the contents of a deed to land, where it is in possession of the adverse party, who fails to produce it on the trial, upon due notice given for that purpose.

5. EVIDENCE: PROOF OF REDEMPTION OF LAND.—Proof, on the part of the plaintiff, that his vendor had authorized the defendant to redeem land which had been sold by the sheriff, under an execution against the vendor, and that the defendant had stated that he had redeemed the land, but would not permit the plaintiff to have the deed, is sufficient to authorize the jury to find that the land had been properly redeemed; where the defendant, upon being notified, refused to produce the deed at the trial.

6. SAME: DEPOSITION NOT INCOMPETENT, BECAUSE TAKEN BEFORE AMENDMENT OF COMPLAINT.—The deposition of a witness is not rendered incompetent evidence, by an amendment of the complaint, correcting a misdescription of the subject-matter of the suit.

7. SAME: PRESUMPTION IN FAVOR OF SHERIFF'S DEED, WHEN CONTRADICTED BY THE RETURN ON ITS EXECUTION.—Where it appears by the sheriff's return on an execution, that the land sold under it was bid off by a different person, from the one to whom the sheriff's deed was made, it will, after the lapse of fifteen years, without such bidder setting up any claim to the land, be presumed that the deed was properly made to the grantee named in it.

IN error to the Circuit Court of Hinds county. Hon. John Watts, judge.

Granberry, the defendant in error, sued Cooper in the court below, on the first day of March, A.D. 1853, for the possession of the north half of the west half of the southwest quarter of section 14, in township 4, range 2 west, as the land was described in the original complaint. To this the defendant below answered, denying that the plaintiff was owner, or entitled to the possession of, the land mentioned in his complaint. Afterwards, the plaintiff moved the court for leave to amend his complaint, by describing the land as situated in the *southeast* instead of the *southwest* quarter of section four, &c. Leave was given to amend, and the complaint was accordingly amended, by striking out "west," and inserting "east," and the defendant excepted. The defendant then answered the amended complaint by denying the plaintiff's title, and also relied upon the Statute of Limitations. On the trial, the plaintiff showed that the land in controversy was purchased from the United States government, by one Brown, who afterwards conveyed to defendant, J. S. C. Cooper. That after defendant bought the land, it was, on the first day of November, A.D. 1839, sold by the sheriff of Hinds county, under an execution against said J. S. C. Cooper. It appeared, by the return of the sheriff on the execution, that the land was sold to one Walker; but the sheriff made a deed to one G. W. Cooper, reciting that the sale had been made to him, and conveying the land to said G. W. Cooper. George W. Cooper conveyed the land to plaintiff, on the 7th of July, A.D. 1832.

Before the trial, plaintiff made and filed an affidavit, showing that a deed for this land from the sheriff, to one William Brown, who had bought under an execution against G. W. Cooper, was in possession of defendant, and also a power of attorney from G. W. Cooper to defendant, authorizing him to redeem the land from said Brown, and the written evidence of such redemption; and therefore plaintiff gave notice to the defendant to produce these writings. On the trial, the defendant produced the deed from the sheriff to Brown, but did not produce any other writing mentioned in the notice.

Plaintiff then proved, by a witness, that the land had been redeemed from Brown, and that defendant admitted that he had the

deed of redemption in his possession, but stated he would not let plaintiff have it. Defendant objected to this evidence, but it was considered as competent by the court, and was submitted to the jury.

Plaintiff offered in evidence the deposition of G. W. Cooper, taken in the cause, but before the amendment above set out was made. Attached to this deposition was a paper, purporting to be a release from plaintiff to the witness, from liability on his covenants of warranty of title contained in the deed made by the witness to him. Plaintiff proved that this release was in his handwriting, and that the signature thereto was genuine.

Defendant objected to the reading of the deposition, because it did not appear that George W. Cooper had accepted the release, and also, because the deposition was taken before the amendment of the complaint. The court overruled the objection, and the deposition was read to the jury. The witness proved that in the year 1832, he left the defendant in possession of the land as his tenant, upon his agreement to pay the taxes due thereon. The plaintiff also proved that the defendant was in possession, at the time the suit was commenced.

Defendant then proved that he had been in possession of the land ever since his purchase from Brown, in the year 1837.

The plaintiff had verdict and judgment, and the defendant's motion for a new trial being overruled, he excepted, and sued out this writ of error.

*T. J.* and *F. A. R. Wharton*, for plaintiff in error.

1. The amendment was improper, as it brought before the court an entirely different subject-matter from the one originally in litigation.

2. G. W. Cooper's deposition was incompetent evidence, 1st, because it was not proven that the release was ever delivered to or accepted by him ; and 2d, because it was taken before the amendment was made, and when the matter now in litigation was not at all in issue. The rule is, "that depositions are inadmissible, unless taken on an issue pending at the time." 6 Humph. R. 108.

3. The sheriff's return showed that the sale of the land was made to Walker, and the title is outstanding in him.

4. Parol proof in relation to the redemption of the land from Brown, was improperly admitted.

*Geo. L. Potter*, for defendant in error,

Contended, that because defendant failed to produce the deed of redemption, the presumption was that it was made to G. W. Cooper, otherwise he would have produced it, and this presumption removed the only pretence against plaintiff's right to recover : *Symington* v. *McLinn*, 1 Dev. & Batt. 291 ; *Jackson* v. *McVey*, 18 John. R. 330 ; 10 Pick. 329 ; the parol proof was therefore admissible, 13 Wend. 505. That G. W. Cooper's deposition was not objectionable after the release, see 3 Phil. Ev. (C. & H. notes), p. 1561. That the return on the execution, showing that the land was purchased by Walker, was no more the act of the sheriff, than his deed to Cooper. The vendee in the deed was not bound to look after the subsequent return ; it could not affect his rights. *Jackson* v. *Steinburgh*, 1 John. Cases, 153 ; *Wheaton* v. *Sexton*, 4 Wheat. 503 ; *Mitchell* v. *Sipe*, 8 Yerg. 179. Moreover the defendant was tenant to Cooper, and could not deny his title.

FISHER, J., delivered the opinion of the court.

The plaintiff below, brought this action in the Circuit Court of Hinds county, to recover a tract of land in the possession of the defendant. The jury having found a verdict for the plaintiff, the defendant moved the court for a new trial; and upon the over-ruling of the motion by the court, he took his bill of exceptions, embodying the evidence, and thereupon prayed an appeal to this court.

The errors assigned will be noticed in the order in which they have been argued by the appellant's counsel. It is first said that the court erred in permitting the plaintiff to amend his complaint. Aside from legislation on this subject, it has long been the settled practice of the courts, to allow under proper restrictions, such amendments of the pleadings of the respective parties, as were necessary to secure a trial upon the true merits of the controversy. The complainant, in describing the land in controversy, located it as part of the northwest quarter of a certain section, when it was part

of the northeast quarter, and the object of the amendment was to correct this mistake, by striking out the word "west," and inserting "east." The statute under which the complaint was filed, in the clearest manner authorized the amendment. The object of the suit was to recover a particular tract of land, and it would have been simply useless litigation, after the error was confessed, if the amendment had not been permitted. The object of the amendment was to bring before the court the true subject of litigation, and not to go through the forms of a trial in regard to a subject, about which there was no controversy between the parties.

We are therefore of opinion, that the court committed no error on this point.

It is next assigned as error that the court below erred in overruling the defendant's motion for a new trial; and, under this general assignment, various questions come up for consideration. First, that the court erred in admitting the deposition *in part* of Geo. W. Cooper to be read to the jury, on the ground, that he was from interest incompetent as a witness. It appears that the plaintiff purchased the land from this witness, and took from him a deed containing covenants of warranty as to the title, but it appears by the deposition itself that the witness was released from his covenants before testifying. It is, however, said that it does not appear that the release had ever been delivered to the witness. On this subject, it will be sufficient to remark, that the release itself appears in the deposition, and this, in the absence of a showing to the contrary, would be held sufficient proof of its due execution. The important question in such case is, whether the witness, at the time of testifying, was fully impressed with the belief, that he was in no manner liable upon his covenants. The main object sought by making him competent as a witness was to make him credible as such, so that his testimony might receive full weight from the jury. It appeared from the deposition that the defendant was at one time in possession of the land as the tenant of G. W. Cooper, and the object of this proof was to meet the defence set up under the Statute of Limitations.

The proof was certainly competent, as its tendency was to negative the allegation of an adverse possession, and to admit the title of the landlord.

Again, it is said that the court erred in admitting certain evidence to be given, in regard to the redemption of the land, from the purchaser at a sheriff's sale. It appears that the land was sold by the sheriff as the property of G. W. Cooper, and purchased by one Brown; that Cooper gave the defendant a power of attorney, and placed under his control certain funds for the redemption of the land. The plaintiff made an affidavit that the power of attorney, the written evidence of redemption, and the sheriff's deed, were in the possession of the defendant, and notice was given him to produce them at the trial, otherwise secondary evidence would be offered. The defendant failing to produce said papers, the court permitted secondary evidence to be introduced to prove the substance of the transactions. And it was objected on the part of the defendant, that as such evidence related to a title to land, it could not be admitted. It may be admitted that the contract to be binding should have been in writing, and indeed, in this instance, under the seal of the party conveying or reconveying the land, but the mode of making the contract is one thing and the mode of proving it another. The general rule certainly is, that the writing evidencing the contract must be produced, for the reason, that it is the best evidence of which the subject admits, and that it is the evidence which the parties have made for themselves; but this rule, like other rules of evidence, must yield to circumstances, and must be applied, if possible, for advancing and not defeating the ends of justice. A party will not be permitted to take advantage of his own wrong, by insisting that his adversary shall introduce a particular kind of evidence, when such party wrongfully withholds it, or renders its production impossible. The plaintiff resorted to secondary evidence, not from choice, but from a necessity caused by the defendant. It was equally the right of both parties that the best evidence of which the case admitted should be introduced, but, while this is true, it at the same time does not lie in the mouth of the party who withholds such evidence to insist on its production. We are therefore of opinion, that the court committed no error on this point.

It only remains to notice briefly the evidence introduced in regard to the redemption of the land, on the part of the plaintiff. One witness proves, that the defendant stated that he had redeemed the

land, and that he did not intend to produce or permit the plaintiff to have the deed on the trial. This evidence was fairly submitted to the jury; and is certainly sufficient, in connection with the testimony in regard to other points in the case, to sustain their verdict.

It is again said that the return on the execution under which G. W. Cooper purchased the land, when it was sold as the property of the defendant, shows that one Walker bid off the land. The return does not transfer the title. It is at most only evidence that Walker was entitled to demand a deed from the sheriff, and he could, if disposed to, assert his right, force the sheriff (or Cooper, holding the deed from the sheriff), to convey to him, Walker. But in the absence of a showing that his bid was consummated by a deed, it will be presumed, after this lapse of time, that he transferred his bid, or did some act renouncing it.

We will notice another point, which was omitted at its proper place. The deposition of Cooper was taken before the amendment of the complaint was made; and it is therefore said, that it relates to a subject not then in litigation.

There is no mistake as to the case in which it was taken, and it embraced the land about which the trial was had. This is sufficient, as it is not pretended that the defendant was taken by surprise.

Judgment affirmed.