## SUMMEROUR *v.* FELKER.

1. A promissory note given for the purchase-money of land, payable in instalments, but stipulating that in a certain event, at the option of the payee, the contract should be rescinded and the maker ·be due a certain amount as rent, is, on the trial of an issue formed on a distress warrant for rent of the land, not a paper collaterally material to the case so as to be admissible as evidence without proof of execution ; and where the instrument has been attested by a witness, it is error to admit the same over the objection of the defendant, without proof of its execution by the subscribing witness, or legally accounting for his non-production, or else proving its execution by the testimony of the maker.

2. Where an affidavit made to obtain a distress warrant alleged that the land for which the rent was due was situated in one county, it was error at the trial to allow an amendment striking out the county first alleged and inserting another county, it not appearing from the pleadings or otherwise that the land described in the amendment was the same land referred to in the original affidavit.

Submitted June 23, — Decided August 10, 1897.

Distress   warrant—certiorari.   Before   Judge   Hutchins. Gwinnett superior court.   September term, 1896.

*Juhan & McDonald,* for plaintiff in error.
*E. S. V. Briant* and *N. L. Hutchins Jr.,* contra.

LITTLE, J.   The defendant in error sued out a distress warrant in Gwinnett county against the plaintiff in error, alleging that "George Summerour, col., tenant of said Felker, and of said county, is justly indebted to the said J. H. Felker one hundred dollars for rent of one farm in said Gwinnett county near Windsor, for the year 1895." · This warrant, having been levied on certain personal property of the defendant therein, was met by a counter-affidavit, averring that the sum distrained for was not due at the time of issuing the warrant, that he never rented any land from Felker and did not owe him any rent for any land in said county for the year 1895, or any other year.   The issue so raised came before the city court for trial.   An amendment to the distress warrant was allowed by the court, and the case went to a jury, and resulted in a verdict for the plaintiff.   A petition for certiorari was sued out and sanctioned, and on the hearing in the superior court the certiorari was overruled, and the plaintiff in error excepted. During the trial of the case in the city court, the plaintiff offered in evidence an original promissory note, a copy of which is as follows:

"Monroe, Ga., April 14, 1894.   As purchase-money for the Sack Carter place near Windsor in Walton county, Ga., containing two hundred and eighty acres, more or less, I promise to pay J. H. Felker or bearer twelve hundred dollars ($1,200), payable in installments as follows: $300 November 1, 1895, November 1, 1896, $300 November 1, 1897, and $300 November 1, 1898, respectively, with interest from date at eight per cent. per annum, and ten per cent. on principal and interest if collected by law.   And I hereby waive any and all homestead exemptions against the payment of this note.   If I should fail or refuse to pay the first payment, then at the option of said Felker the relation of landlord and tenant shall exist for the year 1895 at a rental of $100.   These installments can be paid in middling cotton, delivered in Monroe, at seven cents per pound, if I should desire to so pay them.   Witness my hand and seal.

"Witnessed by                         George Summerour. (Seal.)
    F. F. Nowell.           ,     J. A. Austin. (Seal.)"

Objection was made to the introduction of the note in evidence, on certain grounds, one principally relied on being that the execution of the note had not been proved by the subscribing witness, nor had the party executing it testified to such execution. The objection was overruled and the note admitted in evidence, and it was contended that this ruling of the judge of the city court was error.

1. It must be conceded that this note was not the foundation of the action instituted by the plaintiff below; it was not declared on. The plaintiff's case rested on the averment in his affidavit, that the defendant was indebted to him in a given amount for rent of land for the year 1895, which was due. This was the cause of action, and on his affidavit being made to that effect, the process issued as a matter of law, without regard to whether the evidence of the fact of such indebtedness was in writing or not—whether if it was in writing it was in the shape of 'a promissory note or other contract. It was not sought to recover rent due on a written contract, but to recover rent which was due and unpaid.

The writing offered in evidence contained a promise to pay a certain sum of money as rent, and by construction at a given time, on the happening of a certain event; and contained a stipulation which under certain circumstances would create the relation of landlord and tenant between the parties. It was witnessed by F. F. Nowell. To be good, it was not essential that its execution should have been attested by a subscribing witness. But the parties chose to have it so, and such was their right. Was it legally admitted, in the absence of proof of its execution by the subscribing witness to the instrument? Mr. Greenleaf, in his Law of Evidence, vol. 1, § 569, lays down the rule to be, that, "The instrument being produced and freed from suspicion, must be *proved by the subscribing witnesses*, if there be any, or at least one of them." The witness is a witness to the execution; the instrument in question was executed, not by the plaintiff below, but by the defendant there; and "the party to whose execution he is a witness is considered as invoking him as the person to whom he refers to prove what passed at the time of the attestation";

citing 11 M. & W. 168; 6 Hill, 303. Mr. Greenleaf further says on this subject, that the best reason on which this rule seems to be founded is, that a fact may be known to the subscribing witness, not within the knowledge or recollection of the obligor, and that he is entitled to avail himself of all the knowledge of the subscribing witness relative to the transaction"; for which he cites a number of authorities. See 1 Greenleaf, page 622, and note 2.

Our Civil Code, § 5244, lays down as a rule, that the subscribing witness must be produced in all cases except the following: first, ancient writings; second, when witness can not be produced; third, office bonds; fourth, if the paper is only incidentally or collaterally material to the case; fifth, if the party executing testifies to its execution. Being neither an ancient writing nor an office bond, the plaintiff in error not having testified to its execution, there being, as appears from the record, no effort to procure the testimony of the subscribing witness nor in any way account for him, the sole question to determine is, whether the paper is only incidentally or collaterally material to the case. We have endeavored to show it was not the foundation of the action, and thus admissible under another principle. Civil Code, § 5066. If the paper is only "incidentally or collaterally material to the case," the subscribing witness need not be produced. Collateral facts are those which are not directly involved or connected with the principal issue or matter in dispute. R. & L. Law Dict. We take this provision of the code to mean that where such facts which yet have sufficient bearing on the case to be admitted under the rules of evidence are offered and are in writing, then because they *are* collateral and incidental, and because they are *not* directly involved, the writing may go in without proof of execution by the subscribing witness. The writing designated as the promissory note contained the contract of rent between the parties, and when the counter-affidavit put that contract in issue, the plaintiff sought by his writing to establish it. Being in writing, it was the highest and best evidence of the fact. It could be scarcely said, when the issue on trial was whether the defendant owed the plaintiff anything

for rent, that the writing which contained the contract was only incidentally or collaterally material. It was directly and positively material; and while not declared on, nor the cause of action, it was the direct evidence affording the right of recovery, and being so, and it having a subscribing witness to attest the execution by the defendant, and it not being the foundation of the suit, it was we think inadmissible in the absence of testimony by the defendant that he executed it. Section 5245 of the Civil Code seems to provide for all contingencies when such witness can not be produced; but in all cases where the witness can be produced and sworn, it is necessary that the party desiring to use the paper shall procure his attendance; otherwise he must proceed as is provided in the subsequent section of the code. *Williams* v. *Rawlins*, 10 *Ga.* 491; *Baker* v. *Massengale*, 83 *Ga.* 137; *Hudson* v. *Puett*, 86 *Ga.* 341; *Gianonne* v. *Fleetwood & Co.*, 93 *Ga.* 491.

2. We are aware that the doctrine of amendments has been carried to a very great extent, not only by the decisions of this court, but also by legislative enactment. The latter of course will be interpreted so as to give expression to the legislative intent. But there *is* a limit under the law as it exists of the right to amend. So far as I am concerned, I think that limit has been reached by the exceeding liberal interpretation of the statutes already given by this court, and beyond the point already reached it ought not to be extended. Surely, a plaintiff should know better than any one else the fact that another is indebted to him and the manner in which such indebtedness was incurred. With this knowledge he has not only the choice of a forum in which his complaint shall be lodged, but ample time and opportunity to set forth his cause of action in an orderly and proper manner; and if he fails by his own laches so to do, he does not deserve the *sympathy* of the law, but his opponent, who is only called on to defend the case as made, should not be subjected to the delays, inconvenience, and expense of waiting, after he has appeared in court, until the plaintiff has completed his voyage of discovery and found *some* dry land upon which his feet can rest. I speak only for myself.

The acts of 1887 and 1889, in relation to amendments of

affidavits, are codified in section 5122 of the Civil Code. It is now provided, that all affidavits which are the foundation of legal proceedings shall be amendable to the same extent as ordinary declarations. Undoubtedly the affidavit filed in this case for the issuance of the distress warrant is amendable under this section of the code; but the privilege is that they are amendable only to the same extent as ordinary declarations, and such are not amendable by adding a new and distinct cause of action. The original affidavit here alleged that "Summerour is justly indebted to Felker one hundred dollars for rent of one farm in Gwinnett county near Windsor, for the year 1895." A complete cause of action was thus set out, and needed no additional words to make it complete. Here were the persons, as well as the subject-matter, all within the jurisdiction of the court, and the facts proved; no question could be raised of the right of Felker to recover, and on filing the affidavit the warrant issued instanter. Subsequently, and after the levy and a counter-affidavit had been interposed, and the papers returned to court, it was proposed to amend the affidavit so it would read as follows: "That said Summerour is indebted to Felker in the sum of one hundred dollars, for rent of one farm in Walton county near Windsor, known as the Sack Carter place." In the original affidavit the plaintiff sought to recover for "the rent of one farm in Gwinnett county near Windsor." By the amendment this is sought to be stricken out and the cause of action changed so that he might recover for the rent of a named farm in Walton county. In our opinion this was in effect an effort to substitute a different and distinct cause of action for that set out in the original affidavit, and not allowable even under our very liberal system. The office of an amendment is to render something before set out, complete, when it is deficient—to explain where it is legally obscure, to make perfect from a legal standpoint that which as set out is imperfect; but it must always relate to the matter and cause of action as set out; it may amplify, enlarge or extend the cause of action, but it *can not* change it into another different and distinct cause.

Where the plaintiff sued to recover damages because of in-

juries sustained by falling into a ditch which defendant had cut in a road, the court refused to allow an amendment, because it set forth a different cause of action, which alleged that the defendant had removed a certain plank crossing erected by it over a ditch or hole, by reason of which defendant fell into the ditch. *Skidaway Shell-Road Co.* v. *O'Brien,* 73 *Ga.* 655, citing *Central R. Co.* v. *Wood,* 51 *Ga.* 515.    And where a declaration claimed damages by reason of plaintiff's having fallen into a well situated on the right of way of a railroad, which was carelessly left unguarded, an amendment alleging that the well was on the land of the plaintiff and defendant entered on the land without his consent and cut away the guards about the well, sought to introduce a new cause of action and could not be allowed. *Henderson* v. *Central R. R.,* 73 *Ga.* 718.    See also *Broach* v. *Kelly,* 66 *Ga.* 148.    There is no need, however, for us to make any other citation of authority than to refer to the reasoning of Chief Justice Bleckley in the case of *Ellison* v. *Georgia Railroad Company,* 87 *Ga.* 691, which is exhaustive and is the recognized authority on the subject, wherein he concisely states the rule which is applicable here.    Speaking of the original allegation and the amendment offered, he says : "If the two sets of allegations harmonize so as to be parts of one and the same sufficient design, and so as to fill out that design and render it as complete on paper as the law requires it to be, the amendment is germane and must be allowed.    Amending the declaration is simply completing the registry, no substantial change of plan being allowable."

Because the court erred in admitting the contract in evidence without due proof of its execution, and in allowing the amendment offered, the

*Judgment is reversed.    All the Justices concurring.*