## ALLEN et al. v. STEPHENS.

107  733
o118 160

In an action for the recovery of a certain amount of money, alleged by the plaintiffs to be their proportionate part of the proceeds of certain timber sold by defendant, it having been grown on land in which plaintiffs and defendant owned undivided interests, when it appeared from the petition that there were several lots of such land so owned by them in a given district and county, but it was charged in the petition that the timber was cut from lot number 57 of this district, it was error to reject an amendment offered by the plaintiffs to the petition, simply changing the number 57 therein to 54; the petition having otherwise so identified the property sued for as to make it clear that the amendment offered did not add a new cause for action, but was simply for the purpose of correcting a mistake made in the original petition in designating by the wrong number the particular lot from which the timber was cut.

Argued May 4, — Decided May 31, 1899.

Complaint. Before Judge Harris. Carroll superior court. October term, 1898.

Oscar Reese and Cobb & Brother, for plaintiffs.
Adamson & Jackson and C. P. Gordon, for defendant.

LEWIS, J. The petition of plaintiffs in error in this case discloses, among other things, substantially the following facts: Larkin A. Allen died in the year 1864, leaving a will in which, as claimed in the petition, all of the property of the testator was given to his wife for life or widowhood, and at her death or marriage it was to be equally divided among their children. The wife died in July, 1895, since which time there has been a division of the real estate among the children. The realty consisted of divers lots of land situated in the sixth district of Carroll county, among which was lot number 57. The plaintiffs, five in number, were children of the testator, and there were four other children still living at the time the suit was brought, three of whom were not parties to the action. The suit was brought against Josie Stephens, one of the children, and alleged, in effect, that prior to the division of the realty the defendant sold off of lot number 57, to the Southern Bed Spring Company of Atlanta, Fulton county, Georgia, under a contract she had with that company, a large amount of timber, as represented in the contract; that under the contract the company went upon said lot and cut therefrom a large amount of timber,

amounting to a specified value, and that for the timber sold by Mrs. Stephens it paid to her the sum of $275. The petition further alleged that the plaintiffs' part of said sum so received by Mrs. Stephens was $244.45, which was due them from the amount so received from said Southern Bed Spring Company by Josie Stephens, and for which petitioners made demand after the death of the widow, and that the said Josie Stephens refused to pay the same. The action was brought to recover from her the petitioners' proportionate part of this sum. On the trial of the case it appeared from the testimony which the plaintiffs introduced, that the timber referred to in the petition was not cut from lot number 57 as alleged in the petition, but from lot number 54, which lay in the same district and county with lot number 57; whereupon plaintiffs moved to amend their petition by striking therefrom the number 57 wherever it occurred in the petition, and inserting in lieu thereof the number 54. The court refused to allow the amendment. It was then admitted in court that no timber had been cut from lot number 57, but that all the timber referred to in the petition had been cut from lot number 54, and that all the other evidence which plaintiffs proposed to introduce would have reference to that lot; whereupon the court granted a nonsuit and dismissed the case. The proposed amendment offered by the petitioners was sworn to by their attorneys and two of the plaintiffs, who stated in their affidavit that the facts set forth in the amendment were unknown to them until the day it was offered. To the ruling of the court refusing the amendment and granting the nonsuit petitioners except, and assign the same as error in their bill of exceptions.

This case was here before, and is reported in 102 *Ga.* 596. It was brought here by the plaintiffs, who complained of error in the judgment of the court sustaining a demurrer to their petition. We may therefore regard it as settled by an adjudication of this court that the original petition set forth a good cause of action. The sole question presented by this record is whether or not the court erred in refusing the amendment offered by the plaintiffs to their petition, and in granting a nonsuit. It is contended that this amendment set forth a new and

distinct cause of action not germane to the issue presented by the original petition. The entire argument of counsel for defendant in error seems to be based upon the theory that this suit was for a trespass committed by entering upon a certain lot of land and cutting therefrom timber; but from the facts above related touching the substantial allegations of this petition, in so far as they bear upon the issue raised in this case, it will be clearly seen that this view is an entire misapprehension of the character of the suit. It was not an action of damages to the freehold caused by cutting therefrom growing timber. It was not a suit for a tort. The bringing of the action for the purchase-money of the timber that was cut from the land was tantamount really to a ratification of its sale by the defendant, and a waiver of the tort or trespass, if such it could have been considered when committed by one of several tenants in common. The subject-matter of the suit was really a certain proportionate part of the proceeds of the sale of timber in which the plaintiffs claimed an interest. Had this been an action of trespass for damages on account of injury done the freehold by trespassing upon a certain lot of land, the question would have been entirely different from what is presented by this record. It would have been necessary then to have definitely described the lot or parcel of land that had been thus damaged, and an amendment showing that an entirely different lot had been trespassed upon from that mentioned in the original petition would have apparently added a new cause of action. But we do not mean to say that even in such a case the plaintiffs would not have had a right to amend by correcting a simple mistake made as to the number of the lot, if there had been enough in the petition to amend by, by which the real lot could have been identified, and the amendment offered had shown that the defect in the petition was simply in giving the lot in question the wrong number. In this case we think there were sufficient allegations in the petition to clearly identify the particular property and the particular fund arising from its sale for which these plaintiffs were suing, apart from any description in the petition of the lot of land from which the timber was cut. The plaintiffs sue for the proceeds of the

sale of certain timber sold by the defendant at a certain time, under contract with a party who is definitely named and from whom the defendant received a definite amount. The foundation of the action is the interest claimed by the plaintiffs in the proceeds of a definite lot of timber. We think there was certainly enough in the allegations mentioned to put the defendant clearly upon notice of exactly what personal property or its proceeds she was called upon to answer for; for the timber, after being severed from the realty, really became personalty and the action was founded upon the plaintiffs' interest in this personalty. It was of course immaterial from what particular part of the land owned by plaintiffs and others this timber was cut. If the petition otherwise clearly identified the property sued for, we do not think it was even necessary for it to further allege the exact lot upon which it was grown. The allegation, therefore, that it was cut from lot number 57 was manifestly intended as a further identification of the particular property sued for; and if this additional description was defective or erroneous, we think unquestionably the plaintiffs had the right to amend their petition by correcting the error.

We think this case falls directly under the principle well recognized in the law of amendments and announced in the following language quoted from 1 Enc. Pl. & Pr. 485–6: "Where upon the hearing it appears clearly from the evidence that the plaintiff has a case which entitles him to relief, but which by reason of some defect or omission in the charges or allegations of the bill is not brought fairly within the issue, he will be permitted to adapt the allegations of the bill to the case as proved; especially where the facts were known to the defendant, but were not disclosed in the answer or discovered by the plaintiff until after the production of the evidence." It is certainly fair to presume that this defendant was aware of what particular lot furnished this timber, what specific timber she sold to the purchaser named in the petition, and the exact amount she obtained therefor. Considered in the light of the entire allegations in the petition, it is hardly possible, under the facts set forth, that the defendant could even have claimed a surprise by the amendment offered. A fair construction of

the pleadings in the light of the testimony introduced is simply that when the original petition was filed plaintiffs made a mistake, not as to the identity of the property the proceeds of which they were undertaking to recover, but merely in designating the lot from which it was taken, by the wrong number. We think, therefore, this amendment presented no new and distinct cause of action. The provision in section 5099 of the Civil Code relates to such amendments as, for instance, would set forth a new transaction for which a recovery was sought, entirely disconnected with the subject-matter of the original suit. Not a word in this petition was changed by the amendment, except the number of the particular lot in question; and the entire petition, where it otherwise described and identified the property sued for, was left unchanged by the amendment. Plaintiffs, therefore, by the amendment did not propose to change their cause of action by suing upon a new and distinct cause, but still relied upon the original subject-matter which was the foundation of their suit. We think the amendment offered was clearly within the provision of section 5098 of the Civil Code, and of the principles announced in *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691.

The decision relied upon by counsel for defendant in error, in *Summerour* v. *Felker*, 102 *Ga.* 254, we do not think at all in point. There it appeared that the distress warrant alleged that land for which rent was due was situated in one county, and the amendment proposed was to strike out the name of the county first alleged and insert that of another county. The reason why the amendment was not allowed was because it did not appear from the pleadings or otherwise that the land described in the amendment was the same land referred to in the original affidavit. If the amendment proposed had introduced an entirely different tract of land, then necessarily the right of action must have depended upon an entirely different contract between the parties from that which must have been the basis of the first proceeding. We doubt not this court would have ruled, had it appeared that there was simply a mistake in the first affidavit of alleging the wrong county, that if the amendment proposed to collect rent from the same

land as that contemplated in the original affidavit, it would have been allowed; for it would have been, as in this case, the correction of a simple mistake of fact, descriptive of the property sued for, made in the pleadings.

We conclude, therefore, that the court below erred in refusing the amendment offered in this case, and in granting a nonsuit.      *Judgment reversed.    All the Justices concurring.*