## VENABLE *v.* BURTON.

A petition in an action to recover real property described the land as "lot of land number four hundred and twenty-five (425)" in a given county, district, and section, and containing a specified number of acres. Plaintiff derived title from one to whom the defendant had conveyed the property to secure a debt. Both the deed from defendant to his creditor and the deed from the latter to plaintiff described the property in the manner set forth in the petition, and there was no other description either in the deeds or the petition. An amendment was offered and allowed setting up that under the contract between the defendant and the grantee in the deed from him a different number of lot was agreed to be conveyed, and that the defendant, with intent to cheat and defraud the grantee had the scrivener to insert in the deed lot number 425. The prayer of the amendment was that the deeds be reformed so as to embrace the number of lot agreed to be conveyed, and that this lot be sold and plaintiff's debt be paid out of the proceeds in preference to all other claims against the defendant. *Held,* that the amendment set forth a new and distinct cause of action, and that the court erred in overruling a demurrer thereto based on this ground.

SIMMONS, C. J., and LAMAR, J., dissent.

Argued May 6, — Decided June 1, 1903.

Complaint for land. Before Judge Gober. Forsyth superior court. September 23, 1902.

*J. P. Brooke* and *H. B. Moss,* for plaintiff in error.
*Bell & Wills,* contra.

COBB, J. Burton brought an action against Venable for the recovery of real property. The only description of the property appearing in the petition was as follows: "Lot of land four hundred and twenty-five (425) in the second district and 1st section of said

county, containing forty acres, more or less." The petition alleged that in 1873 the defendant Venable borrowed from one Abram Moor the sum of one hundred dollars and gave a deed to the land above described, as security for the payment of the loan; that Moor subsequently died, and the plaintiff, at the request of Venable, paid to Moor's administrator the sum due by his intestate to the defendant, and took from the administrator a deed to the land above described, the plaintiff becoming thereby substituted for Abram Moor as creditor of the defendant and subrogated to his rights. The petition concluded with a prayer for process. In each of the deeds referred to in the petition the property is described merely as lot 425 containing forty acres more or less, the deed from the defendant to Moor locating the property in the second district and first section of Forsyth county, and the deed from the administrator to plaintiff locating it in the second district of that county, without naming any section. The plaintiff offered an amendment, setting up that, at the request of the defendant, plaintiff induced Moor to make the loan in 1873 to defendant, and that when the loan was made the defendant agreed to convey to Moor "lot of land 483 in the second district, 1st section, of said county, containing forty acres, more or less," but, with the intent to cheat and defraud Moor, had the scrivener to insert lot 425 in the deed, title to which the defendant did not have; that plaintiff did not know the number of the lot intended to be conveyed, but, having confidence in the defendant and relying upon his statement as to the number, accepted the deed with the wrong number in it. The prayers of the amendment were, that the deeds be reformed by substituting lot 483 for lot 425, and that lot 483 be sold under a decree of the court, and the proceeds of the sale be applied, in preference to all other claims, to the payment of the amount which plaintiff paid to Moor's administrator. This amendment was demurred to on the ground, among others, that it set forth a new and distinct cause of action from that declared on in the original petition. The demurrer being overruled, the defendant excepted pendente lite. After the allowance of another amendment, a demurrer to which was also overruled, the case went to trial, and the jury returned a verdict finding that the deeds be reformed as prayed for, and that plaintiff recover the premises described in the amendment. A motion for a new trial filed by the defendant having been overruled, he

sued out a bill of exceptions, assigning error upon the overruling of the demurrers to the amendments and on the judgment refusing to grant him a new trial.    Inasmuch as we have reached the conclusion that the court erred in overruling the demurrer to the amendment, a brief abstract of which is set out above, none of the other assignments of error in the bill of exceptions need be noticed, as it is not claimed that a recovery on the petition as it originally stood was warranted, and the verdict of the jury was based solely on evidence relied on to support the allegations of the amendment.

While, under the operation of the recent procedure acts, great liberality is permitted in this State in the matter of amendments, the rule is still of force that "no amendment adding a new and distinct cause of action" shall be allowed.    Civil Code, § 5099.    This rule was also of force at common law.    1 Enc. P. & P. 547.    Until the General Assembly sees fit to alter this rule of practice, the courts must adhere strictly to it, notwithstanding the legislative policy to allow great latitude as to amendments in other respects is apparent.    "The office of an amendment is to render something before set out complete, when it is deficient — to explain where it is legally obscure, to make perfect from a legal standpoint that which as set out is imperfect; but it must always relate to the matter and cause of action as set out; it may amplify, enlarge, or extend the cause of action, but it can not change it into another different and distinct cause."    *Summerour* v. *Felker*, 102 *Ga.* 254, 259.    The foregoing quotation accurately and concisely states the rule which has been consistently adhered to by this court.    Differences may and do arise as to its application in given cases, but no doubt can be entertained as to its existence.    Many tests have been applied to determine whether a new cause of action is set forth.    It has been said to be a fair test to inquire "if a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, or if the same evidence would support both, or if the same measure of damages is applicable, or if both are subject to the same plea," and in some cases it has been said that the intention of the plaintiff when he instituted the original suit has an important bearing upon the question whether the amendment states a different cause of action.    1 Enc. P. & P. 556. The plaintiff's cause of action was the right to recover the property from the defendant and the latter's wrongful withholding of pos-

session from the plaintiff.    *McCandless* v. *Inland Acid Co.*, 115 *Ga.* 968, 974.    An amendment which merely gives a more particular and certain description of the land described in the original petition is allowable.    Wyman v. Kilgore, 47 Me. 184; Cuminge v. Rawson, 7 Mass. 440.    And amendments are allowable to correct a misdescription of the land, where it is plain from the averments of the original petition that the plaintiff intended in the first instance to sue for and recover the land described in the amendment.    In other words, a mere clerical mistake in describing the land, or a failure to give a full and complete description, may be cured by amendment, provided always that it is apparent from the two descriptions that in both instances the pleader had in mind the same tract of land.    Heilbron v. Heinlen, 72 Cal. 376; Cooper v. Granberry, 33 Miss. 117; Leeds v. Lockwood, 84 Pa. St. 70; Gilman v. Cate, 56 N. H. 160; Box v. Lawrence, 14 Tex. 545; *King* v. *Wright*, 77 *Ga.* 581; *Hogans* v. *Dixon*, 103 *Ga.* 171.    It has also been held that in a writ of entry on a mortgage the declaration may be so amended as to embrace a lot of land included in the mortgage and accidentally omitted from the description of the mortgaged premises in the declaration.    Noyes v. Richardson, 59 N. H. 490.    It is manifest, however, that an amendment describing an entirely different tract of land from that described in the original petition is not allowable.    The distinction between those cases where a mere mistake in description is corrected, leaving the identity of the land described in the petition with that described in the amendment unimpaired, and those where a recovery of an entirely different tract is sought, is pointed out in Wolf v. Wolf (Pa.), 28 Atl. 164, 166.    See also Wyman v. Kilgore, 47 Me. 184.    In Troxler v. Gibson, 1 Hayw. (N. C.) 465, it was said (referring to cases cited by counsel): "These cases show that the demise may be enlarged, but none go so far as to show that the description of the thing demanded may be altered.    If it could, a defendant might be at great expense in preparing to defend his title to one tract of land, and afterwards be forced to go through the same process as to another, and for a third, and so on *ad infinitum*.    For if it is proper to alter the *petitum* in the first instance, why should it not be done afterwards as often as the plaintiff pleases.    If after the institution of the action the defendant sells that part not included in the declaration, and then an amendment is permitted which will include it,

the purchaser, having acquired the land *pendente lite*, will be bound by the decision though no party to it."

In the case of *Summerour* v. *Felker*, 102 *Ga.* 254, an affidavit made as the basis for the issuance of a distress warrant alleged that Summerour was indebted to the affiant in a named sum, " for rent of one farm in said Gwinnett county, near Windsor." After the levy had been made and a counter-affidavit interposed the plaintiff in the warrant proposed to amend the affidavit by stating that the defendant was indebted to him "for rent of one farm in Walton county, near Windsor, known as the Sack Carter place." It was held that while such an affidavit was amendable under the same rules as an ordinary petition, the amendment in question was not allowable, because it sought to add a new and distinct cause of action from that set forth in the original affidavit. In *Allen* v. *Stephens*, 107 *Ga.* 733, suit was brought to recover a certain amount of money claimed by the plaintiffs to be their proportionate part of the proceeds of timber sold by the defendant, which had been grown on land in which plaintiffs and defendant owned undivided interests. The petition alleged that there were several lots of land so owned by the parties in a given district and county, and that the timber sold by the defendant was cut from lot number 57. It was held to be erroneous to reject an amendment changing the number of the lot from 57 to 54; "the petition having otherwise so identified the property sued for as to make it clear that the amendment offered did not add a new cause of action, but was simply for the purpose of correcting a mistake made in the original petition in designating by the wrong number the particular lot from which the timber was cut." In the opinion Mr. Justice Lewis said: "The subject-matter of the suit was really a certain proportionate part of the proceeds of the sale of timber in which the plaintiffs claimed an interest. Had this been an action of trespass for damages on account of injury done the freehold by trespassing upon a certain lot of land, the question would have been entirely different from what is presented by this record. It would have been necessary then to have definitely described the lot or parcel of land that had been thus damaged, and an amendment showing that an entirely different lot had been trespassed upon from that mentioned in the original petition would have apparently added a new cause of action. But we do not mean to say that even in such a case the plaintiffs would not have

had a right to amend by correcting a simple mistake made as to the
number of the lot, if there had been enough in the petition to amend
by, by which the real lot could have been identified, and the
amendment offered had shown that the defect in the petition was
simply in giving the lot in question the wrong number.　　In this
case we think there were sufficient allegations in the petition to
clearly identify the particular property and the particular fund aris-
ing from its sale for which these plaintiffs were suing, apart from
any description in the petition of the lot of land from which the
timber was cut."　　It is apparent from the foregoing quotation that
that decision not only does not conflict with, but rather tends to
support the ruling made in the present case.　　In *Polhill* v. *Brown*,
84 *Ga.* 338, both the petition and the deeds under which both plain-
tiff and defendant claimed described the property as "lot No. 59,
known as the old Davis place."　　It was held not to be erroneous
to allow an amendment changing the number of the lot to 69 ; Mr.
Justice Blandford in the opinion saying: "Inasmuch as the deeds
under which both the plaintiff and the defendant claimed, and the
declaration, described the land as lot number 59 known as the Davis
place, or the 'old Davis place,' and as it was shown to the court
that the Davis place was lot number 69, instead of lot number 59,
we think the court was right in allowing the amendment."　　This
ruling was, as will be noticed, put distinctly on the ground that the
allegations of the petition were sufficient to show that the amend-
ment did not change the identity of the land sued for in the first
instance.

In the present case the petition and the deeds described the land
simply as lot number 425 in a given county and district.　　Plainly,
therefore, the plaintiff's cause of action was his right to recover
that particular lot of land and the defendant's wrongful withhold-
ing of possession of such lot.　　There is absolutely nothing in the
petition to identify this lot with that described in the amendment.
Indeed it is not claimed even in the amendment that they are the
same, but on the contrary it is admitted that lots 425 and 483 are
separate and distinct tracts.　　The theory on which the amendment
was offered is that plaintiff thought when the petition was filed that
lot 425 was the tract which he has since ascertained to be lot 483.
The amendment does allege that the land sought to be recov-
ered is the same in both instances, but it takes the allegations of

the amendment to show this.    Manifestly identity of description can not be shown in this way.    The plaintiff's cause of action must be judged by his petition.    He selected it at his peril.    He claims the right to recover a particular lot or tract of land.    This allegation must determine his alleged rights.    To allow this amendment would be equivalent to holding that when the defendant was served with the petition he was bound to take notice that the plaintiff might amend and seek to recover any other tract of land in the possession of the defendant, upon the mere statement that he thought he was claiming that tract in his petition.    The defendant would consequently have been under a necessity of preparing to defend his title to every piece of land of which he was in possession.    It is too plain for argument that the law puts no such burden on a defendant in an action to recover real property.    Had the petition contained any other descriptive words which would have identified the tract first sought to be recovered with that described in the amendment, the case would have been different.    But we can perceive no difference between this case and any other case where the plaintiff describes one tract of land and then by amendment sets up that since the filing of the suit he has found that he does not claim title to that tract but that the defendant is in possession of another and an entirely different tract to which the plaintiff claims title.    If this were allowable, as was said in the North Carolina case, supra, there is no reason why a second amendment might not be made claiming a mistake in the description made in the first, and so on *ad infinitum.*    If this amendment does not add a new cause of action, it would be difficult to imagine one that does.    It is to be observed that the plaintiff does not say the figures 425 were inserted in the petition by clerical mistake.    On the contrary the muniments of title which he attached to his petition show that he thought he had title to lot 425; and judging his cause of action by his petition in the light of the exhibits, as it must be judged, he was endeavoring to recover lot 425, and it was not until after the petition was filed that he discovered the fraud which had been perpetrated upon him in inserting in the deed the number of a lot different from that which under the contract between the defendant and Moor ought to have been conveyed.

If the plaintiff had brought an original petition setting forth the facts alleged in the amendment, he would doubtless have been en-

titled to a reformation of the deeds. *Lowe* v. *Allen,* 68 *Ga.* 225. And it may be that if he had in his original petition in this case sought to recover lot 483, he could have filed an amendment praying for a reformation of the deeds. On this question, however, we express no opinion ; but see, in this connection, *Murray* v. *Sells,* 53 *Ga.* 257; *Clarke* v. *Land Company,* 113 *Ga.* 26 (1). We are clear, however, that when both the petition and the deeds showed that he was seeking to recover one tract of land, and there was nothing in the petition to indicate that the plaintiff either needed or desired a reformation, he could not by amendment set up facts which would have entitled him to a reformation had an original petition for this purpose been brought, and after having the deeds reformed recover an entirely different tract of land from that described in the original petition. The court erred in overruling the demurrer to the amendment. *Judgment reversed. By three Justices.*

LAMAR, J. (with whom SIMMONS, C. J., concurs), dissenting. It may be that the plaintiff was not authorized in this suit to take advantage of a fraud not practiced upon him, but upon one under whom he claims. It may be, in view of the peculiar relation between the parties, that to seek to reform the deed was a new cause of action. But we are forced to dissent from what the majority say on the general right to amend. We think the amendment was allowable on general principles. It alleged that the loan was made on the security of a certain piece of land which the defendant fraudulently represented to bear the lot number 425. In substituting the correct number the plaintiff was not suing for a different tract. The amendment sought to recover the same property for which the suit was originally brought. Plaintiff sued for " White Acre," calling it number 425, because the defendant had given it that number. When plaintiff discovered what the real number was and substituted that for the designation fraudulently given by the defendant, he was not changing his cause of action, nor suing for a different parcel of land. To disallow the amendment enables the defendant to do two wrongs instead of one. He is allowed to take advantage of his original wrong, to entrap the plaintiff into suing for number 425, and then laugh him out of court when he changes the name and lot number of the property from the false description given by the defendant to the true description of the map.