## DURRENCE *et al.* v. COWART, administrator.

GILBERT, J.  1. On the call of the case in this court counsel for the defendant in error moved to dismiss the writ of error, on the ground that " there is no prayer in the bill of exceptions or elsewhere praying that the errors complained of may be reviewed and corrected, and because there is no prayer in the said bill of exceptions for any relief because of the alleged errors or otherwise."  Thereupon the plaintiffs in error amended their bill of exceptions as follows:  " Plaintiffs in error pray that the errors alleged to have been committed may be considered and corrected."  *Held,* that the bill of exceptions as amended was sufficient, and the motion to dismiss the writ of error is denied.

2. During the trial the plaintiff offered an amendment which sought to add another and different 100 acres of land to the 51 acres already

described in the petition, so that the proceeding would be for the partition of 151 acres. The defendant demurred and moved to strike said amendment, on the grounds, first, that it set up a new and distinct cause of action; second, because it seeks to have partitioned a separate and distinct tract of land from that sought to be partitioned in the original petition in said case. The court overruled the demurrer, and the defendant excepted. *Held,* that the court erred in refusing to sustain the demurrer to the amendment, based on the above stated grounds. *Venable* v. *Burton,* 118 *Ga.* 156, 159 (45 S. E. 29) ; *Stringer* v. *Mitchell,* 141 *Ga.* 403 (81 S. E. 194).

3. The remaining assignments of error will not be dealt with, for the reason that, after the court erroneously overruled the demurrer mentioned in the next preceding headnote, all subsequent proceedings were nugatory.

*Judgment reversed. All the Justices concur, except Hines, J., disqualified.*
No. 2631. FEBRUARY 18, 1922.

Partition. Before Judge Sheppard. Tattnall superior court. April 16, 1921.

W. H. Waters filed a petition for partition of " fifty-one acres of land " bounded as follows: " On the north by lands of the estate of John Waters, deceased, late of said county, on the east by lands of Willie Norman and J. P. R. Sikes, on the south and west by lands of J. P. R. Sikes, situated, lying, and being in the State and county aforesaid, and in the 1432 district of said county, G. M." He alleged, that John Waters died seized and possessed of the land; that the same was set apart as dower to Nancy Waters, the widow of John Waters, and she held the same until the time of her death; that he was one of seven children of John Waters, had never parted with his interest in the dower, and was entitled to a one-seventh part. Pending the action the petitioner died, and his administrator was made a party. By amendment the petitioner set up that the land set apart as dower to Nancy Waters consisted of 151 acres, instead of 51 acres, and that the 151 acres was bounded as follows: " On the north by lands of S. M. Groover, on the east by lands of Jasper Blocker and lands formerly owned by Willie Norman and J. P. R. Sikes, on the south by lands formerly owned by J. P. R. Sikes, and on the west by lands formerly owned by J. P. R. Sikes, and lands of Noah Waters, D. H. Groover, and perhaps others, and better known as the dower lands of Nancy Waters, and including the south half of the Jacob Brazell survey of land, situate, lying, and being in the State and county aforesaid and formerly in the 1432nd district G. M. of said

county." When the cause came on for trial the defendant demurred to and moved to strike the amendment, because (1) it set up a new and distinct cause of action; and (2) because it sought to have partitioned a tract of land separate and distinct from that set out in the original petition. Error is assigned on exceptions pendente lite taken upon the overruling of this demurrer. The trial of the case resulted in a verdict finding for the plaintiff a one-seventh interest of the 151 acres of land, and $180 mesne profits. A motion for new trial filed by the defendant was overruled, and error is also assigned upon that judgment.

*H. H. Elders* and *Hines & Jordan,* for plaintiffs in error.

*W. T. Burkhalter,* contra.