ROE, casual ejector, *et al., vs.* DOE *ex dem.* GEORGE W. ADAMS.

1. No recovery can be had in ejectment when the lease under which the alleged trespass was committed, has expired before the trial.
2. Where the verdict of the jury in ejectment is too uncertain to enable the Court to award judgment upon it, it is void.

Motion for New Trial, and in Arrest of Judgment, from Bibb county. Decided by Judge LAMAR, November Term, 1859.

This was an action of ejectment in the fictitious form, containing four demises: The first was a demise from George W. Adams, alleging that he had leased the premises to the nominal plaintiff, beginning from February 24th, 1855; the second was a demise from Lewis L. Griffin, alleging a lease for thirty years, from February 5th, 1836; the third was a demise from the Merchants' Bank of Macon of a lease for twenty years, from the first day of July, 1845; and the fourth, a demise from the Monroe Rail Road & Banking Company, of a lease for twenty years, from the 1st day of January, 1843.

The land sued for under the demise from Adams is described as a part of the Macon Reserve, and known as a part of lot No. 13, in fraction 3, containing 47 acres, more or less. The premises sued for under the other three demises are described as a part of the Macon Reserve, and known as fractional lot No. 3, containing 86 acres, 3 roods and 35 poles. The suit was against Margaret Riley, administratrix of William Riley, deceased.

The jury, on the trial returned the following verdict in the case:

" We, the jury, find for the plaintiff one and three-fourths acres of land, the same being now enclosed and used by the estate of William Riley, or Mrs. Riley, being a part of lot No. 3, lying on the north side of the road leading from Macon to Forsyth, in front of where Mrs. Riley now lives, on lot No. 2 and fifty-two dollars and fifty cents for rent from November, 1847, to May, 1858.

The paper title introduced on the trial consisted, first, of

Roe *vs.* Doe, *ex dem.* Adams.

a copy grant from the State to Lewis L. Griffin, dated February 2d, 1836, for 86 acres, 3 roods and 35 poles, known as lot No. 3, in the plan of the Macon Reserve; second, a deed from Griffin to the Monroe Railroad Company for said lot No. 3, less 7 and ½ acres conveyed to one Jowler; third, a deed from the Merchants' Bank of Macon to George W. Adams, dated February 24th, 1845, for part of the Macon Reserve, known as part of lot No. 13, in fraction 3, containing 47 acres, more or less; fourth, a bond executed by William Riley to George W. Adams for the penal sum of $500 00, dated June 11th, 1845. In the condition attached to which, it is recited that William Riley "has been trespassing upon the land of said George W. Adams, to-wit: fraction 3 Macon Reserve."

There was a good deal of parol evidence introduced on the trial descriptive of the premises in dispute, etc., but it is not deemed necessary to state it in detail, further than this: That the evidence does not show whether the one and three-quarter acres referred to in said verdict were included in that part of lot No. 3 for which suit was brought under the demise from Adams.

Counsel for defendant moved the Court below for a new trial, on several grounds; which motion was refused by the Court.

Only two of the grounds taken were passed upon in this Court, viz.:

1st. Because the verdict was against the law and against the evidence.

2d. Because the verdict is indefinite and uncertain, and cannot be executed.

L. N. WHITTLE and B. HILL, for plaintiff in error.

POE & GRIER, and RUTHERFORD, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

The lease under which the recovery was had in this case having expired before the trial, of course no recovery could be had under it without amending. The verdict, therefore, was contrary to the evidence. This objection, we admit, is purely technical; but as this is a fight for a female, and

Roe *vs.* Doe, *ex dem.* Adams.

counsel contends for the extreme rights of his client, he is entitled to the benefit of the objection.

But there is a more substantial difficulty in this case, resulting from the uncertainty of the verdict.

Plaintiff sues for 47 acres of land, composed of part of lot No. 13 and fractional lot No. 3. The 47 acres described in the declaration does not include the whole of fractional lot No. 3, which contains upwards of 80 acres. Now, to the alleged trespass upon plaintiff's premises, defendant pleads the general issue, not guilty. The premises in dispute, then, is the 47 acres of land described in the writ. The jury, by their verdict, found 1¾ acres, and describe it as a part of lot No. 3. Now this may be true, and yet the parcel of land described in the verdict may be outside of that part of lot No. 3 which composes, in part, the 43 acres claimed by the plaintiff.

How could the Court enter up judgment and direct a writ of possession to issue upon this verdict? Had the jury found that the parcel of land embraced in their verdict was a part of the premises in dispute, it would have been sufficient.

It is laid down in *Lee vs. Tapscott*, 2 *Wash.*, *C. C. Rep.*, 170, that in ejectment the verdict being for the plaintiff for the land laid down in the survey made in the cause, as comprehended within certain lines as described by the jury, a judgment that the plaintiff recover his term in and of the lands mentioned in the declaration, is erroneous.

It is not enough that the lands are sufficiently identified by the verdict as to enable a surveyor to locate the premises, but the verdict itself must be so certain as to enable the Court to know in advance of a survey, that it is awarding judgment for the premises in dispute. Otherwise, the sheriff might be guilty of a trespass for executing the judgment.