## WILLIAMS *v.* PERRY.

FISH, C. J. 1. It is essential to the maintenance of an action for the recovery of land that the premises sued for be described with such certainty as that, in the event of a recovery by the plaintiff, a writ of possession issued upon the judgment, and describing the premises as laid in the petition, shall so identify the premises sued for that the sheriff in the execution of the writ can deliver the possession in accordance with its mandate. *Harwell* v. *Foster,* 97 *Ga.* 264 (22 S. E. 994); *Hollywood Cemetery Corporation* v. *Hudson,* 133 *Ga.* 271 (65 S. E. 777).

(a) Although the petition was amended relatively to the description of the premises sued for, as amended it failed to furnish such a description of the premises as to bring it within the rule above announced.

2. The defendant did not introduce evidence, and accordingly a verdict should not have been directed for her. *Zipperer* v. *Savannah,* 128 *Ga.* 135 (57 S. E. 311); *Equitable Mfg. Co.* v. *Davis,* 130 *Ga.* 67 (60 S. E. 262).

(*a*) Inasmuch as the petition, under the rule announced in the first head-note, was insufficient to form the basis of a recovery, a nonsuit, under the authority of *Harwell* v. *Foster*, supra, and *Barnes* v. *Carter*, 120 *Ga.* 895 (48 S. E. 387), and *Zipperer* v. *Savannah*, supra, should' have been 'granted.

(*b*) Accordingly, the judgment will be affirmed, with direction that when the remittitur is offered to be made the judgment of the court below, if the plaintiff in the action so desires, the verdict may, on his motion, be vacated and a judgment of nonsuit be entered.·

*Judgment affirmed, with direction.     All the Justices concur.*

JUNE 19, 1911.

Complaint for land. Before Judge Frank Park. Baker superior court. March 21, 1910.

The description, as stated in the petition, of the land sued for was: "Five (5) acres off of lot 172 situated in the 8th district of Baker county, and bounded as follows: beginning at a stake at fence on Millford road, thence running west six (6) chains, thence north ten and one half (10½) chains, thence east sixteen (16) chains, thence south one (1) chain to the stake by fence, thence west six (6) chains, thence south ten (10) chains to the starting point. The five acres of land being a portion of the fifteen (15) acres of land originally owned by J. H. Williams and W. W. Williams, both of said State and County of Bibb, the whole of said fifteen (15) acres being described as follows: commencing on the Newton and Millford road at the southwest corner of the graveyard lot in Newton and running north 250 yards, thence west 300 yards, thence south 250 yards, thence east on the Newton and Millford road to the place of starting point, and known as the W. D. Williams place." As stated in the amendment it was: "Five (5) acres of land off of lot (172) one hundred & seventy-two, situated in the (8th) eighth district of Baker County, State of Georgia, and described as follows: beginning at a point on the western boundary of the original incorporate limits of the town of Newton 661:10′ feet from the point where the northern boundary of the Newton and Millford public road intersect with the western boundary of the original incorporate limits of the town of Newton, which point is represented by a corner stob located twenty-four (24) feet south of a cedar tree standing at the corner of the graveyard, lying west of the court-house of Baker county, and running due north parallel with the western boundary of the original incorporate limits of said town of Newton 50 feet, thence due west parallel with the northern boun-

dary of the Newton and Millford public road 811:10′ feet, thence south parallel with the original incorporate limits of the town of Newton 710:10′ feet to the northern boundary of the Newton and Millford public road 150 feet, thence due north parallel to the western boundary of the original ·incorporate limits of the town of Newton 661 feet and ten inches to the starting point; . ·. being all of the 15 acre tract originally owned·by J. H. & W. W. Williams, except ten (10) acres of the same in the shape of a square out of the southeast corner of said 15 acre tract."

*Cox & Peacock* and *J. W. Walters & Son,* for plaintiff.

*A. S. Johnson, Benton Odom,* and *Pope & Bennet,* for defendant.