## HUNTER v. BOWEN.

1. In an equitable action which is the substantial equivalent of a suit to recover land, the premises sought to be recovered must be definitely described. As against a special demurrer a description is too indefinite which describes the land in controversy as situated in the southeast corner of the western half of a certain lot in a certain land district of a certain county, bought from the defendant and on which he is farming, and adjacent to other lands of the defendant, without giving the area or the dimensions of the lot, or other descriptive words identifying the premises so that the sheriff in the execution of a writ of possession can deliver the possession in accordance with its mandate.

2. A landlord may maintain against his insolvent tenant in possession, who is allowing the land to deteriorate, a suit to recover the land, and to prevent waste pendente lite by the appointment of a receiver to take possession of the land and hold the rents and profits until final decree.

DECEMBER 15, 1911.

Equitable petition. Before Judge Whipple. Ben Hill superior court. December 13, 1910.

*Otis H. Elkins,* for plaintiff in error. *Haygood & Cutts,* contra.

EVANS, P. J. The plaintiff, R. V. Bowen, filed his petition against G. E. Hunter, alleging that he was the "owner of a certain tract of land situated in the southeast corner of the west half of lot of land number two hundred and sixty-nine in the third district of originally Irwin, afterwards Wilcox, now Ben Hill county, the title thereto being derived as herein shown; the said described tract of land and other portions of the same land lot in the year 1887 belonged to D. E. Hunter, the father of the defendant, who had long owned the same and been in actual possession thereof, and his ownership and possession were open, peaceable, and notorious and accompanied by a claim of right; on September 27th, 1887, the said D. E. Hunter conveyed to his said son a portion of the land above described, and thereupon his son, the defendant,

G. E. Hunter, took possession of the said lot of land and remained in actual possession thereof, living and farming thereon, until the 31st day of August, 1905. On the 27th day of September, 1887, the said G. E. Hunter borrowed from the petitioner $269.50, and thereupon on said date the said G. E. Hunter executed to petitioner a warranty deed in fee simple, conveying to him the said described piece of land, which deed was duly executed and was recorded, on April 11, 1904, in the clerk's office of Wilcox superior court, where the land was at that time located, the deed being recorded in deed book ' U,' p. 620." It was further alleged, that though this deed was unconditional on its face, yet it was understood that the defendant would have the privilege of paying back the indebtedness and repurchasing the land; but that he agreed to and did pay rent for the premises during the time he held the same. On August 31, 1905, it was agreed between the plaintiff and defendant that the plaintiff should pay to the defendant the additional sum of $350 and should become the absolute owner of the tract of land, and that the defendant should make to the plaintiff a quitclaim deed for the purpose of showing that he had parted with his right of redemption. Accordingly the transaction was consummated and the additional purchase-money paid, and on said date the defendant executed to petitioner his certain quitclaim deed reciting a consideration of $600 and conveying to petitioner the same described premises, which deed was duly executed and recorded in the clerk's office of Ben Hill county, February 11, 1909, in deed book 4, page 37. It was further alleged, that the defendant remained on the premises the succeeding year of 1906, under an agreement to pay a rental of $48; that the defendant failed to pay the rent for 1908, and the plaintiff caused a distress warrant to be issued and levied upon certain property, which was claimed by members of the defendant's family; that on January 20, 1909, being unable to collect his rent, he sued out a warrant against the defendant as a tenant holding over, and the defendant under this warrant was dispossessed by a deputy sheriff of the county; and that afterwards the defendant re-entered possession and has since that time forcibly and unlawfully held possession of the premises; that he was prosecuted in the city court of Fitzgerald, for trespass on account of the manner in which he took possession of the land, and he had continued his case for at least three terms of court on various pre-

texts; that the plaintiff, in the hope of satisfying the defendant, caused the land to be processioned, due notice having been given to the defendant, who was in possession of an adjoining piece of land which he claimed subject to a long loan deed to the same; that the processioners awarded the land to the plaintiff, but notwithstanding all of these facts the defendant continues in possession of the land, making a crop thereon, and refusing to allow the plaintiff to take charge of the same; that the defendant is insolvent, and it is doubtful whether the crop on the premises will be sufficient to pay the rent. Wherefore the petitioner prayed, that a receiver be appointed to take charge of the entire premises, including the crops, that the defendant be enjoined from interfering with the possession of the receiver, that the premises be decreed to be the property of the plaintiff, and that it be decreed that the defendant had no claim or interest therein; and for permanent injunction, general relief, and process. The defendant demurred generally to the petition, on the ground that no cause of action was stated, and that "the allegations of said petition set forth no description sufficient accurate and definite to enable the court legally to enter any decree granting any of the prayers of said petition." The court construed the demurrer to be general, and overruled it; and the case proceeded to trial, resulting in a verdict for the plaintiff. The defendant moved for a new trial, which was denied, and he excepted.

1. The petition was in the nature of an equitable action of ejectment. The plaintiff prayed for a decree declaring the title to be in him, and to enjoin the defendant from interfering with the premises. The defendant was alleged to be in possession, and the plaintiff sought to have him deliver up possession to the receiver, who was to turn over the land to him in the event that he prevailed. A suit of this character is substantially the equivalent of an action of ejectment. In *Harwell* v. *Foster,* 97 *Ga.* 264 (22 S. E. 994), it was held: "It is essential to the maintenance of an action of ejectment that the premises alleged to have been demised be described with such certainty as that, in the event of a recovery by the plaintiff, a writ of possession issued upon the judgment, and describing the premises as laid in the declaration, shall so identify the premises sued for as that the sheriff, in the execution of the writ, can, deliver the possession in accordance with its mandate." This case has since been followed. *Clark* v. *Knowles,* 129 *Ga.*

291 (58 S. E. 841); *Hollywood Cemetery* v. *Hudson*, 133 *Ga.* 276 (65 S. E. 777). The only description of the land is that contained in the second paragraph of the petition, which describes the land as situated in the southeast corner of the west half of lot of land number 269. Neither the area nor the dimensions of the lot are given; and its shape, whether in the form of a square, or other geometrical figure, or of irregular shape, is left to conjecture. The further allegations that it is the same land upon which the defendant was farming, or the same land that was described in a certain deed recorded in the clerk's office, which is not attached, will not serve to aid the defective description, as against a special demurrer. The rule of pleading is that the property sought to be recovered must be definitely described in the pleadings. We think that the ground of the demurrer which complained of the insufficiency of the description of the premises was special and not general, and that the defendant was entitled to have a more specific description of the land. The plaintiff prayed for a memorial record declaring that he had title to the land in controversy, and the defendant had the right to demand that the petition definitely describe the land, as a basis of the decree. Not only this, but the petition affirmatively disclosed that the defendant was in possession of adjacent land, claiming title thereto; and it was important that the land should be so accurately described as to locate the boundaries between the land of the contending parties. This special demurrer should have been sustained.

2. If the land had been definitely described, the petition made a case entitling the plaintiff to relief. *Patterson* v. *Clark*, 89 *Ga.* 700 (15 S. E. 641); *Tufts* v. *Little*, 56 *Ga.* 139; *Vizard* v. *Moody*, 117 *Ga.* 67 (43 S. E. 426). In view of the erroneous ruling on the special demurrer, it becomes unnecessary to consider the various grounds of the motion for new trial.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*