## STRINGER *v.* MITCHELL *et al.*

FISH, C. J. 1. In an action for the recovery of land, the premises should be described with such definiteness that in the event of the recovery by the plaintiff the sheriff could execute the writ of possession from the description given. *Williams* v. *Perry,* 136 *Ga.* 453 (71 S. E. 886); *Hunter* v. *Bowen,* 137 *Ga.* 258 (73 S. E. 380). This rule, however, does not mean that the description may not depend for its definiteness upon some parol fact. Powell on Actions for Land, § 25; Adams on Ejectment, 24.

2. In an action for the recovery of land the description of the premises sued for was as follows: "Being lot No. 1 of the survey and division among the parties to the suit of Mary E. Findley *vs.* Barbora A. Pierce et al., for partition, in Hall superior court, August term, 1886, and being the lot set apart to Mary E. Findley, and containing 55 acres, more or less, and more particularly described as follows: All that tract or parcel of land lying on the north side of the Brown Bridge and Williams Ferry road, and which is known and designated as lot No. 1 in the division among said parties." An amendment offered to the petition contained a further description as follows: "1. The land sued for is in the county of Hall. 2. The tract of land sued for is described in said partition proceedings as 55 acres, more or less, of the north end of the following described tract of land: A certain tract or lot of land lying in said county of Hall and known as parts of lots No. 7 and 8 in the 8th district, bounded as follows: Beginning at the corner joining S. Mooney and J. Hargrove, and running thence along said Hargrove's line to A. J. O'Dell's line to the corner of A. Deal's, deceased, thence along A. Deal's 132 2-3 rods, thence north back across said lot to S. Mooney's line, and thence along S. Mooney's line to beginning corner, containing 250 acres; being all said 250-acre tract lying north of the Brown's Bridge road, being the south boundary of said 55-acre tract and the north boundary of the balance. The said 250-acre tract being the same tract conveyed by warranty deed by John G. Stringer to Sarah S., Barbora, Mandy R., Mary E., Martha L. J., and Sarah Stringer on Jan. 9th, 1869, said deed recorded in deed Book J, p. 219, July 30th, 1870, in the office of the Clerk of the Superior Court of Hall county, said tract also known as the John G. Stringer home place, and

is the place whereon said John G. Stringer resided at the time of his death, and the tract sued having on it the house wherein the said Stringer resided at the time of his death and where his widow resided until her death and her daughters with her." The petition as amended was not subject to demurrer on the ground that the land was insufficiently described for the recovery of which the action was brought, and it was error to sustain such demurrer.

(a) An insufficient description of the land sued for may be cured by amendment, where it appears that the description in the original petition and that in the amendment refer to the same land. *Venable* v. *Burton*, 118 *Ga.* 156 (45 S. E. 29); *Luquire* v. *Lee*, 121 *Ga.* 624 (49 S. E. 834); Powell on Actions for Land, § 115. Applying this rule, the court erred in refusing to allow the amendment.

(b) The description in the original petition aided by that set forth in the amendment if it had been allowed would have been sufficient.

> *Judgment reversed. All the Justices concur.*
> FEBRUARY 23, 1914.

Complaint for land. Before Judge Jones. Hall superior court. September 9, 1912.

*W. H. Terrell*, for plaintiff. *H. H. Perry*, for defendants.