## SCOVILLE *et al.* v. LAMAR.

ATKINSON, J. 1. It is essential to the maintenance of an action of ejectment that the premises alleged to have been demised be described with such certainty as that, in the event of a recovery by the plaintiff, a writ of possession issued upon the judgment and describing the premises as laid in the petition shall so identify the premises sued for as that the sheriff in the execution of the writ can deliver the possession in accordance with the mandate. *Harwell* v. *Foster*, 97 *Ga.* 264 (22 S. E. 994) ; *Hunter* v. *Bowen*, 137 *Ga.* 258 (73 S. E. 380) ; *Stringer* v. *Mitchell*, 141 *Ga.* 403 (81 S. E. 194).

2. The only description of the land in the petition being: "Said tract or parcel of land is described as follows: 'The water and mill privileges on the Indian Springs Reserve, being approximately one acre of land in the southeast. corner of said Indian Springs Reserve, said reserve being located in Indian Springs District of Butts County,' " the allegations do not furnish data by which the land in which the "privileges" are alleged to exist can be definitely located.

(a) The quantity of land is not stated exactly, but only "approximately," and the description could not be held sufficient under the principle of *Payton* v. *McPhaul*, 128 *Ga.* 510 (58 S. E. 50, 1 Ann. Cas. 163), *Phillips* v. *Paul*, 148 *Ga.* 104 (95 S. E. 969), and similar cases.

(b) The description of the land was too indefinite to be the basis of recovery by ejectment, and there was no error in dismissing the petition on general demurrer. See *Jackson* v. May, 16 Johns. 184.

3. The petition being fatally defective for reasons stated in the preceding notes, no ruling will be made on the question as to whether title to the alleged "water and mill privileges" on the tract of land referred to in the petition constitute such interest in the land as would support ejectment. 　　*Judgment affirmed. All the Justices concur.*

No. 1175. SEPTEMBER 3, 1919.

Complaint for land. Before Judge Searcy. Butts superior court. September 9, 1918.

*W. E. Watkins,* for plaintiffs. *Hall & Grice,* for defendant.