## HARBIN *v.* HUNT.

FISH, C. J. This is an action to recover land, wherein there was a verdict for the plaintiff, and the defendant's motion for a new trial was overruled. He excepted.

1. The ground of the motion complaining that the verdict covered more land than the evidence authorized was cured by the plaintiff voluntarily amending the verdict so as to eliminate therefrom the excessive recovery.

2. A ground of a motion for new trial assigning error upon the admission of evidence must, in order to be valid as to form, set out itself the evidence objected to either literally or in substance, or have attached to the motion as an exhibit, properly identified, such evidence or its substance. A mere reference to it as set out in the brief of evidence will not suffice. Accordingly, the court can not consider the following ground of the motion: "Because the court erred in admitting in evidence, over the objections of defendant, certain processioners' proceedings purporting to establish the boundary line . in dispute as claimed by plaintiff, said proceedings consisting of this movant's petition to the processioners, the plat of county surveyor, the report of processioners, the written receipt of J. H. Gordon, processioner, of date March 14, 1918, indorsed on back of sheet containing said report (latter dated March 23, 1918), and all entries on said proceedings. a complete copy of said proceedings being set out in the brief of evidence."

3. The legal sufficiency of the pleadings of the plaintiff can not be called in question by a motion for a new trial, but should be raised by demurrer. If, however, the defendant passes over, without demurring, a petition which does not set forth a cause of action, he may still attack the same on this ground by an oral motion to dismiss the case at any time before verdict; and after verdict, by motion in arrest of judgment, by direct bill of exceptions, or by motion to set aside the judgment. *Roberts* v. *Keeler*, 111 *Ga.* 181-186 (36 S. E. 617); *Kelly* v. *Strouse*, 116 *Ga.* 872 (5), (6), 883, 888 (43 S. E. 280).

(*a*) Where in an action for land the verdict is, "We the jury find the premises in dispute in favor of the plaintiff," and the description of the premises as set forth in the petition is not in any wise changed by the answer, it is not a proper ground of a motion for new trial to complain that the verdict is void for lack of sufficient description of the land found for the plaintiff, as its identity is wholly dependent upon the description set forth in the petition, which it is claimed is fatally defective. To hold otherwise would be to allow the defendant to call in question the legal sufficiency of the petition in a motion for new trial.

(b) In *Harwell* v. *Foster*, 97 *Ga.* 264 (22 S. E. 994), *Williams* v. *Perry*, 136 *Ga.* 453 (71 S. E. 886), *Stringer* v. *Mitchell*, 141 *Ga.* 403 (81 S. E. 194), and *Scoville* v. *Lamar*, 149 *Ga.* 333 (100 S. E. 96), there was no motion for new trial; and they are not even physical prece-dents to the contrary of the ruling now made. In *McCullough* v. *E. T., V. & G. Ry. Co.*, 106 *Ga.* 275 (32 S. E. 97), and in *Roe* v. *Doe* ex dem. *Adams*, 30 *Ga.* 608, there were motions for new trial, but the verdicts for the plaintiffs were for portions only of the premises sued for, and the descriptions of such portions were so vague and indefinite that they could not be identified by construing the verdicts in the light of the pleadings. The petitions in those cases were not subject to demurrer.

4. The court instructed the jury as follows: "I charge you that the deed in question does not constitute legal title, but it does constitute color of title. I charge you that if the plaintiff was in possession of any part of the lands purported to be conveyed by the deed, it being duly recorded, and that possession was in accordance with the sec-tions of the code which I have read in your hearing, open, notorious, peaceable, exclusive, continuous, uninterrupted, and originating in a bona fide claim of right, and if it continued for a period of seven years, and that possession was actual according to the definition of actual possession which I have given you in charge, it would be con-sidered to extend to the boundaries of the tract and to all of the property lying in a contiguous body described in the deed. Posses sion of that character for a period of seven years would give good title by prescription to the plaintiff to the lands in question; and if she had that character of possession, under a duly recorded deed, for a period of seven years, she thereby acquired title to a life-estate in the three lots of land in question; and if the disputed tract of land is shown by the evidence to be a part of these three lots of land in question, and the defendant has not shown the ripening of adverse prescriptive title to any part of the lots of land in question since title was ac-quired by the plaintiff, your verdict ought to be in favor of the plaintiff for the premises in dispute." *Held*, that this charge was error requiring the grant of a new trial. There was evidence tend-ing to show that the defendant and those under whom he claimed had been in the actual, adverse possession of at least some portions of the strip of land in dispute. This charge authorized the jury to find that the plaintiff could acquire a prescriptive title by color to the strip of land in dispute if it were a part of the three lots em-braced in her deed, although during the prescriptive period all or a portion of the strip was in the actual, adverse possession of defendant.

5. The other grounds of the motion for new trial are without merit, and do not call for further consideration.

*Judgment reversed. All the Justices concur,*

No. 1853. FEBRUARY 15, 1921.

Complaint for land. Before Judge Tarver. Gordon superior court. December 11, 1919.

*Starr & Paschall* and *Neel, Finley & Neel*, for plaintiff in error. *Maddox, McCamy & Shumate*, contra.