## BREWTON *v.* BREWTON.

HINES, J. 1. Where the plaintiff brought suit to recover a described tract of land, to have the title thereto decreed in him, and to enjoin the defendant from trespassing thereon, and where he claimed title by reason of a parol gift from his father, with possession thereof with the father's consent and the erection of valuable improvements upon the land in pursuance of the gift, and by prescription from possession for twenty years; and where the gift was made not earlier than August 18, 1898, and where at the date of said parol gift there was an outstanding judgment against the father, and where the execution which issued

on said judgment was levied upon said land and the same was sold under said levy by the sheriff on September 6, 1898, and a deed was executed by that officer to the purchaser at the sale, and the same was duly recorded on the above date, the plaintiff's claim of title, if any he had, under said parol gift was divested by the sheriff's sale, and he was not entitled to recover the premises in dispute under such claim of title. Besides, the father had on March 29, 1898, prior to the date of the alleged gift, by deed conveyed this land to another, this deed being recorded on December 6, 1898.

2. In view of the above ruling, an instruction by the court to the jury upon the elements necessary to constitute a valid parol gift of land, if erroneous, did not require the grant of a new trial.

3. Actual adverse possession of lands by itself, for twenty years, gives good title by prescription against every one except the State, or persons laboring under the disabilities hereinafter specified. Civil Code (1910), § 4168. None of these disabilities existed under the facts of this case.

4. A prescription by mere possession does not extend beyond the actual possessio pedis of the prescriber. *Hall* v. *Gay*, 68 *Ga.* 442; *Tillman* v. *Bomar*, 134 *Ga.* 660 (5) (68 S. E. 504); *Baker* v. *White*, 136 *Ga.* 541 (71 S. E. 871); *Rock Run Iron Co.* v. *Heath*, 155 *Ga.* 95 (2) (116 S. E. 590); *Flowers Inc.* v. *Chamblee*, 165 *Ga.* 703 (4 a) (141 S. E. 907).

5. It is essential to the maintenance of an action for recovery of land upon a prescriptive title based upon possession alone, that the portions of the tract of land sued for, where the plaintiff is not in actual possession of the whole tract, be described and defined with such certainty as that, in the event of a recovery by the plaintiff, a writ of possession issued upon the judgment will so identify the portions of the premises recovered that the sheriff in the execution of the writ can deliver possession in accordance with its mandates. *Williams* v. *Perry*, 136 *Ga.* 453 (71 S. E. 886); *Hunter* v. *Bowen*, 137 *Ga.* 258 (73 S. E. 380); *Scoville* v. *Lamar*, 149 *Ga.* 333 (100 S. E. 96); *Jones* v. *Harris*, 151 *Ga.* 129 (106 S. E. 555); *Morton Realty Co.* v. *Molder*, 164 *Ga.* 774 (3) (139 S. E. 543).

6 Where the petitioner, about a year after August 18, 1898, went to work on the land in dispute, and where, after his father told him he was giving him this land if he would go on it and cultivate it, and showed him where to build on it, the petitioner immediately went on the land, cleared, fenced, and cultivated a field containing between four and five acres, and where in about three years he took in more land and built a house upon the tract, and where about four years after the above date the petitioner moved on this land, and he and his wife occupied the house thereon until dispossessed by the defendant, who had the legal paper title thereto, and where the portions of the tract cleared, fenced, and cultivated by plaintiff and the portion of the tract on which the dwelling was built were not described or defined either in the plaintiff's petition or in his evidence, a verdict in favor of the plaintiff for

such portions could not be legally returned; and in these circumstances a verdict was properly returned for the defendant.

*Judgment affirmed. All the Justices concur.*

No. 6806. JANUARY 15, 1929.

*W. T. Burkhalter,* for plaintiff. *H. H. Elders,* for defendant.