## MILTON *v.* MILTON.

BECK, P. J.  1. The court did not err in allowing the amendment offered by the plaintiff, striking the fifth paragraph of the petition, in which it is alleged that "the tract of land and the gin-house and gin outfit located thereon is worth for rent" a stated sum; nor in allowing the plaintiff by amendment to strike from the prayer of the petition the following language: "that petitioner have judgment against the defendant for such rent as may be found to be due."

2. The court did not err in allowing the amendment to the prayers of the petition, that "the title to the land in question, together with the gin-house and gin outfit located thereon, be decreed to be in petitioner."

In view of the issues made by the pleadings in the case, this prayer was germane to the action as it stood at the time the amendment was offered.

3. Nor did the court err in allowing an amendment more precisely defining and setting out the boundaries of the tract of land sued for. This amendment did not set out a new cause of action.

4. Exception is taken to the following charge of the court: "While implied possession or constructive possession is not satisfactory and it must appear that the donee was put in possession, that, if thereafter or at the time donee was put in possession he permits another, either as his tenant or otherwise, to actually occupy the premises, it would not in and of itself defeat such possession as the law requires; provided the occupancy of it is somebody else by and with the permission of the donee." *Held,* that this charge was not error, and that it stated the correct rule as applicable to one of the issues in the case.

5. The court did not err in permitting the witness C. E. Milton to testify that "by 1920 he had paid to his father, J. J. Milton, enough of the proceeds of the gin to repay him for the purchase-price of the gin."

6. Nor did the court err in admitting the testimony of C. E. Milton, the plaintiff, to the effect that he had made a contract with his father, by the terms of which his father was to handle all the books and collect the money until he was repaid the money he, the father, had advanced to buy the gin. Nor did the court err in admitting evidence of a similar purport, as set out in another ground of the motion for a new trial.

7. The court did not err in saying to counsel for the defendant, "You can have exclusive possession of property while somebody else lives on it;" this having been stated to counsel in reply to objection raised by counsel to admitting testimony offered by the plaintiff.

8. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 8272. JANUARY 12, 1932. REHEARING DENIED FEBRUARY 19, 1932.

M. C. *Barwick,* for plaintiff in error.
*Roy V. Harris* and *N. J. Smith,* contra.