HAMIL *et al. v.* GORMLEY, superintendent of banks.

No. 12865.   September 12, 1939.

*S. B. Wallace* and *Claude Christopher,* for plaintiffs in error.
*Beck, Goodrich & Beck,* contra.

Reid, Chief Justice. Plaintiffs' petition in a statutory complaint for land described it as follows: "All that tract or parcel of land situated, lying, and being in Cabins District, Spalding County, Georgia, being 45 acres, more or less, in the south half of land lot 231 of the third district of originally Henry, now Spalding County, Georgia, and bounded as follows: north by Southern Railroad right of way; on the east by other property of the Griffin Banking Company; south by other property of the Griffin Banking Company; and west by other property of the Griffin Company, and being part of the property sold to the Griffin Banking Company by deed under power of sale from D. F. Hamil and recorded in Deed Book 67; page 553, in the office of the clerk of superior court,

Spalding County, Georgia." Defendants answered, denying that they were in possession of any property belonging to plaintiff, but admitted possession as landlord and tenant of 47.31 acres of land known as tract No. 15, Spalding County Drainage District No. 1, Cabins District of said county.

At the trial of the case before any evidence was introduced, as provided by the Code, § 24-3322, defendants admitted that they were in possession of the land sued for, and presented an oral motion to dismiss the plaintiffs' action, on the ground that the description of the property sued for was insufficient and too indefinite for issuance of a writ of possession in the event of a verdict favorable to plaintiffs. The motion was denied. Defendants excepted pendente lite. The case proceeded to trial, plaintiffs introduced evidence, defendants introduced none, and on plaintiffs' motion the court directed a verdict against the defendants, and subsequently overruled defendants' motion for a new trial. Error is assigned on the two rulings just stated.

If the description of the land sued for was fatally defective, defendants' oral motion to dismiss should have been sustained, and subsequent proceedings need not be investigated. The criterion by which a description of property in an action for its recovery shall be measured is well settled; it must be sufficiently definite to enable the sheriff, in the event the plaintiff recovers, to execute a writ of possession from the description given. Powell on Actions for Land, § 125; *Harwell* v. *Foster*, 97 *Ga*. 264 (22 S. E. 994); *McCullough* v. *East Tenn., Va. & Ga. Ry. Co.*, 106 *Ga*. 275 (32 S. E. 97). Since the petition in the instant case, which bounds the property on three sides "by other property of" the plaintiff, gives neither measurements of the boundaries nor a starting point on the ascertainable boundary to determine the location of the tract, it falls below the required standard. *Darley* v. *Starr*, 150 *Ga*. 88 (102 S. E. 819); *Scoville* v. *Lamar*, 149 *Ga*. 333 (100 S. E. 96); *Hunter* v. *Bowen*, 137 *Ga*. 258 (73 S. E. 380); *Stringer* v. *Mitchell*, 141 *Ga*. 403 (81 S. E. 194); *Brewton* v. *Brewton*, 167 *Ga*. 633 (146 S. E. 444); *Clark* v. *Knowles*, 129 *Ga*. 291 (58 S. E. 841). The question of sufficiency of description in a declaration in ejectment may be raised by general demurrer. An oral motion to dismiss is in the nature of a general demurrer, and may be made after pleading. *Darley* v. *Starr*, supra; *Webster* v. *Thompson*, 55 *Ga*. 431.

Nor did the formal admission by the defendants as to plaintiffs' possession of the property have the effect of relieving against the defect. *Jones* v. *Harris,* 151 *Ga.* 129 (4) (106 S. E. 555). Under these authorities, it was error to overrule defendants' oral motion to dismiss; and in view of this holding it becomes unnecessary to consider the various grounds of the motion for new trial. *Hunter* v. *Bowen,* supra. *Judgment reversed. All the Justices concur.*