62

## MASON *et al. v.* NOUR.

ATKINSON, Presiding Justice. 1. "In an action for recovery of land the description of the property must be sufficiently definite to enable the sheriff, in the event the plaintiff recovers, to execute a writ of possession from the description given." *Hamil* v. *Gormley*, 188 *Ga.* 585 (4 S. E. 2d, 471), and cit. See *Crider* v. *Woodward*, 162 *Ga.* 743, 752 (135 S. E. 95). In the instant case the petition with the plat attached thereto as exhibit A, construed most strongly against the plaintiff, as it must be on demurrer, failed to describe the property in such manner as would enable the sheriff, in the event of a recovery by the plaintiff, to execute a writ of possession.

2. Since, under the ruling above, the suit must fail as an action for land as referred to in exhibit A, it can not be maintained. as an equitable action for the sole purpose of settling disputed land lines of another tract as referred to in exhibit C. *Georgia Peruvian Ochre Co.* v. *Cherokee Ochre Co.*, 152 *Ga.* 150, 154 (108 S. E. 609).

3. The judge did not err in dismissing the action on general demurrer to the petition. *Judgment affirmed. All the Justices concur.*

No. 13019. MARCH 29, 1940.

64

*John I. Kelley* and *Edith Campbell,* for plaintiffs.
*Tye, Thomson & Tye,* for defendant.