MARTIN, administrator, *v.* OAKHURST DEVELOPMENT CORPORATION.

No. 14769. FEBRUARY 10, 1944.

*W. C. Hodges,* for plaintiff in error.     *Albert L. Cobb,* contra.

ATKINSON, Justice.    (After stating the foregoing facts.)  ■ The description of the lot as contained in the lease and option contract, giving the State, county, and district, and describing the lot as containing a half acre, 94 by 117 feet, as being on the north side of Shepherd Ford public road, and as being bounded on all other sides by lands of another person, where no starting point was designated, standing alone, was too indefinite to authorize a recovery of the land, or a decree for specific performance. *Clark* v. *Knowles,* 129 *Ga.* 291 (58 S. E. 841) ; *Hunter* v. *Bowen,* 137 *Ga.* 258 (73 S. E. 380) ; *Stringer* v. *Mitchell,* 141 *Ga.* 403 (81 S. E. 194) ; *Scoville* v. *Lamar,* 149 *Ga.* 333 (100 S. E. 96) ; *Darley* v. *Starr,* 150 *Ga.* 88 (102 S. E. 819) ; *Brewton* v. *Brewton,* 167 *Ga.* 633 (5) (146 S. E. 444) ; *Hamil* v. *Gormley,* 188 *Ga.* 585 (4 S. E. 2d, 471).

But the plaintiff, by amendment, set up a complete and definite description of the lot, and asserted that the lot so described "  . . is the exact tract  . .  intended by both parties  . .  to be embodied and described [in the lease and option agreement]  . .  as mutually agreed upon orally by the parties prior to and at the time of the execution of the same; that said lot  . .  was actually measured and staked off by both Ricks and Hargraves in accordance with [the description contained in the amendment] prior to the execution of said contract; but due entirely to mutual inadvertence, mistake of fact, and lack of understanding of the legal effect and significance of the same, the said parties failed to inform their draftsman, Hon. Wallace F. Mills, who prepared said contract and agreement, the complete and exact legal description of

said lands, . . and for said reason the same was omitted from said written contract at the time of the preparation and execution thereof."

The Code, § 37-215, provides: "If the form of conveyance shall be, by accident or mistake, contrary to the intention of the parties in their contract, equity shall interfere to make it conform thereto." § 37-205 provides: "A mistake of·law by the draftsman or other agent, by which the contract, as executed, does not fulfill or violates the manifest intention of the parties to the agreement, may be relieved in equity." A portion of § 37-212 declares: "Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby." "Resort to parol evidence is necessary to reform an instrument. Without parol evidence there can be no reformation." *Green* v. *Johnson,* 153 *Ga.* 738, 751 (113 S. E. 402). A case almost identical with the instant case is that of *Allen* v. *Purcell,* 141 *Ga.* 226 (2) (80 S. E. 713), where the scrivener omitted to include in a deed the county, district, and section, and where a petition was brought for reformation alleging a valuable consideration, and that permanent improvements had been made thereon, and that such omission was by mistake on the part of the scrivener, it being the intention of both parties that the description contended for should be inserted in the deed, such allegations were held not subject to a general demurrer. In *Harper* v. *Gleaton,* 170 *Ga.* 40, 45 (152 S. E. 70), it was held: "In other words, an omission on the part of the scrivener to reduce to writing the stipulations agreed upon in parol, but which can only be made binding by embodying the agreement in writing, will permit a reformation if the scrivener or the parties are ignorant of the legal effect of the instrument as reduced to writing." See also *Richardson* v. *Perrin,* 137 *Ga.* 432 (73 S. E. 649); *Sweatman* v. *Dailey,* 162 *Ga.* 295 (133 S. E. 257).

In view of the foregoing authorities, we hold that the petition properly set forth a case for reformation of the lease and option agreement.

■ While the description of the land involved, as set forth in the original petition, was not adequate to authorize a recovery of the land, or upon which to base a decree for specific performance of the contract, yet it was proper for the court to allow an

amendment thereto which set forth a specific and definite description. An insufficient description of the land sued for may be cured by amendment, where it appears that the description in the original petition and that in the amendment refer to the same land. *Polhill* v. *Brown,* 84 *Ga.* 338 (2) (10 S. E. 921); *Venable* v. *Burton,* 118 *Ga.* 156 (45 S. E. 29); *Luquire* v. *Lee,* 121 *Ga.* 624 (49 S. E. 834); *Williams* v. *Perry,* 136 *Ga.* 453 (1 *a*) (71 S. E. 886); *Stringer* v. *Mitchell,* 141 *Ga.* 403 (2 *a*) (81 S. E. 194); *Eppinger* v. *Seagraves,* 141 *Ga.* 639 (81 S. E. 1035); *Milton* v. *Milton,* 174 *Ga.* 92 (3) (162 S. E. 543). As to the right to amend generally, see *Ellison* v. *Georgia Railroad Co.,* 87 *Ga.* 691 (13 S. E. 809); *Summerour* v. *Felker,* 102 *Ga.* 254 (2) (29 S. E. 448); *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318).

■ The necessary description to authorize a reformation of the lease and option agreement, having been supplied by amendment, the prayer for specific performance and other relief was consistent with and within the scope of the pleadings, and was not subject to the demurrer. While in *Harris* v. *Williams,* 103 *Ga.* 324, 326 (29 S. E. 929), a suit for specific performance, it was stated: "In actions for specific performance, equity can not make or alter a contract for the parties and then execute it. If the contract must be reformed before it can be executed, it must be done in a suit for that purpose;" such language was plainly obiter dictum, as the suit then under review was for specific performance with no allegation or prayer for reformation, and in that case the court merely held that the petition contained no grounds authorizing specific performance. The Code, § 37-105, provides: "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." As early as *McDonald* v. *Davis,* 43 *Ga.* 356 (2), it was said: "When equity obtains jurisdiction, as in this case, for specific performance, it will take jurisdiction over all the matters correlative to it, and retain the jurisdiction until full and satisfactory justice is accomplished between the parties." This is still the rule in equity cases. It has also been held that under a general prayer in an equity case, the plaintiff may have such relief as is consistent with and entirely within the scope of the pleadings. *Peek* v. *Wright,* 65 *Ga.* 638; *Hickson*

v. *Mobley*, 80 *Ga.* 314 (5 S. E. 495); *Copeland* v. *Cheney*, 116 *Ga.* 685 (43 S. E. 59); *Pound* v. *Smith*, 146 *Ga.* 431 (91 S. E. 405); *Wimpee* v. *Burt*, 148 *Ga.* 418 (96 S. E. 993); *Broderick* v. *Reid*, 164 *Ga.* 474 (2) (139 S. E. 18). We can see no reason why, under an equitable proceeding, an instrument can not be reformed in the same action in which specific performance is granted; indeed this gives effect to the very object of equitable jurisprudence. See 49 Am. Jur. 195, § 171, note 5; 66 A. L. R. 780.

■ It is also insisted that there was a misjoinder of parties defendant in the equitable petition, in that Ricks, to whom the lease and option agreement was originally executed and who subsequently transferred it to Oakhurst Development Corporation, should not have been made a party defendant. "All persons who are directly or consequentially interested in the event of the suit should be made parties." *Blaisdell* v. *Bohr*, 68 *Ga.* 56; *Taylor* v. *Colley*, 138 *Ga.* 41 (74 S. E. 694); *East Atlanta Land Co.* v. *Mower*, 138 *Ga.* 380, 384 (75 S. E. 418); *Gormley* v. *Wilson*, 176 *Ga.* 711 (168 S. E. 568). "In a case which presents for adjudication the determination of the ownership of a certain described piece of property or a certain fund of money which is within the jurisdiction of the court, all persons interested in the subject-matter are not only proper but necessary parties." *Faughnan* v. *Bashlor*, 163 *Ga.* 525, 533 (136 S. E. 545). "The two defendants named both being interested in the subject-matter of the suit, both were proper parties to the proceeding, and there was no misjoinder." *Peoples Bank of Calhoun* v. *Harry L. Winter Inc.*, 161 *Ga.* 898 (1 *a*) (132 S. E. 422). From the foregoing authorities it necessarily follows that under the allegations and prayers contained in the petition there was no misjoinder of parties defendant.    *Judgment affirmed. All the Justices concur.*