DODD *et al v.* MADARIS *et al.*

No. 16977. FEBRUARY 13, 1950.

*Gleason & Painter,* for plaintiffs in error.
*Shaw & Shaw,* contra.

CANDLER, Justice. J. M. Madaris and others, individually and as trustees of a named church, brought a suit in Walker Superior Court against. Kenneth Dodd and Sam Ballew to recover an acre of land, and for equitable relief. For a description of the land sued for, they exhibited a deed from B. F. Garrett, dated December 13, 1884, conveying to their predecessors in trust "one acre of land, being a part of lot (323) three hundred twenty-three and 10 District and 4th Section, commencing at southeast corner at a stake on the west side of the road, running with the road north 71 yards to a white oak tree in the hollow; thence west up the hollow 71 yards; thence south 71 yards; thence east 71 yards; at the corner at the road containing one acre . . together with house and appurtenances." By amendment, they further alleged: That "the designation of the district as the 10th District was due to a clerical error in drawing the deed, and that said lands are in the 9th District and 4th Section. The trustees named in said deed, and their successors, have heretofore been in possession of the lands described in said deed located in the 9th District and 4th Section, and the schoolhouse, known as Garrett's Chapel School, is located on the tract described in said deed in the 9th District and 4th Section of Walker County, Georgia." There was neither a prayer for reformation of the deed nor necessary parties for that purpose, and the petition contained no other descriptive averments. The defendants interposed demurrers, general and special, to the petition as amended, and also filed an answer. The demurrers were overruled, and the defendants excepted pendente lite. The

498

case then proceeded to trial, and after both sides had introduced their evidence, the jury found for the plaintiffs. A motion for new trial was timely made, which, after being amended, was heard and overruled, and error is assigned on that judgment; also on the exceptions pendente lite.

In a suit for land, the petition should "plainly, fully and distinctly" set forth the plaintiff's cause of action and his demand for relief. Code, § 81-101. Any "special defects or omissions in the petition may always be taken advantage of by demurrer; and unless cured by amendment, the petition shall be dismissed." § 81-304. A petition, in a suit for land, which does not sufficiently describe the property sued for fails to state a cause of action and should be dismissed on general demurrer. *Clark* v. *Knowles*, 129 *Ga.* 291 (58 S. E. 841); *Scoville* v. *Lamar*, 149 *Ga.* 333 (100 S. E. 96); *Darley* v. *Starr*, 150 *Ga.* 88 (102 S. E. 819); *Oglesby* v. *Volunteer State Life Ins. Co.*, 195 *Ga.* 65 (23 S. E. 2d, 404). If, as the plaintiffs in error contend, the court erred in overruling their general demurrer upon the ground that the description of the land sued for was fatally defective as laid in the petition, then it necessarily follows that all subsequent proceedings taken in the case were nugatory and need not be considered by us. *Saliba* v. *Saliba,* 201 *Ga.* 577 (40 S. E. 2d, 511); *State Highway Department of Georgia* v. *Peavy*, 204 *Ga.* 99 (48 S. E. 2d, 726). In an action for land, the standard by which the description of the property sued for is measured is well settled; it must be sufficiently definite to enable the sheriff, if the plaintiff prevails, to execute a writ of possession from the description given in the petition. Powell on Actions for Land (Rev. Ed.), § 25; *Harwell* v. *Foster*, 97 *Ga.* 264 (22 S. E. 994); *Williams* v. *Perry*, 136 *Ga.* 453 (71 S. E. 886); *Hamil* v. *Gormley*, 188 *Ga.* 585 (4 S. E. 2d, 471); *Mason* v. *Nour*, 190 *Ga.* 62 (8 S. E. 2d, 14); *Gould* v. *Gould,* 194 *Ga.* 132 (21 S. E. 2d, 64); *Oglesby* v. *Volunteer State Life Ins. Co.*, supra. Respecting description, how stands the present case when tested by the rule announced above; or to put it differently, are the allegations of the amended petition sufficient to clearly identify the land which the plaintiffs seek to recover? Assuming, but not holding, that the allegations of the petition as amended are sufficient to show that the land sued for is a part of lot 323, in dis-

trict 9, section 4, of Walker County, its descriptive averments are, in our opinion, otherwise fatally defective. Necessarily, the land sued for in the present case, as the record discloses, must be located, if at all, from a "stake on the west side of the road," and it is sufficient to say without any further elaboration that such an unascertainable starting point is unquestionably too indefinite and uncertain to afford a basis for any indentification of the property sought to be recovered. In these circumstances, it follows as a matter of law that the description of the property sued for necessarily falls below the required standard. *Hunter* v. *Bowen*, 137 *Ga.* 258 (73 S. E. 380); *Stringer* v. *Mitchell*, 141 *Ga.* 403 (81 S. E. 194); *Brewton* v. *Brewton*, 167 *Ga.* 633 (146 S. E. 444); *Laurens County Board of Education* v. *Stanley*, 187 *Ga.* 389 (200 S. E. 294); *Gould* v. *Gould*, supra. For the reason stated above, the petition should have been dismissed on general demurrer, and it was error not to do so.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., Wyatt and Head, JJ., who dissent. Duckworth, C.J., concurs in the judgment only.*