TANNER *et al.* v. PECK.

HEAD, Justice. 1. "It is essential to the maintenance of an action for the recovery of land that the premises sued for be described with such certainty as that, in the event of a recovery by the plaintiff, a writ of possession issued upon the judgment, and describing the premises as laid in the petition, shall so identify the premises sued for that the sheriff in the execution of the writ can deliver the possession in accordance with its mandate." *Williams* v. *Perry*, 136 *Ga.* 453 (71 S. E. 886, and cases cited. See also *Clark* v. *Knowles*, 129 *Ga.* 291 (58 S. E. 841); *Scoville* v. *Lamar*, 149 *Ga.* 333 (100 S. E. 96); *Darley* v. *Starr*, 150 *Ga.* 88 (102 S. E. 819); *Hamil* v. *Gormley*, 188 *Ga.* 585 (4 S. E. 2d, 471); *Elliott* v. *Robinson*, 192 *Ga.* 682 (16 S. E. 2d, 433); *Guess* v. *Morgan*, 196 *Ga.* 265, 273 (26 S. E. 2d, 424); *Dodd* v. *Madaris*, 206 *Ga.* 497 (57 S. E. 2d, 597).

2. If the premises sued for be described as embraced in a larger tract, which latter tract is accurately described, but there is no description of the particular premises sued for, such description is too indefinite to be made the basis of any recovery by the plaintiff. *Harwell* v. *Foster*, 97 *Ga.* 264, 265 (2) (22 S. E. 994); *McCullough* v. *East Tenn., Va. & Ga. Ry. Co.*, 106 *Ga.* 275 (3) (32 S. E. 97); *Hollywood Cemetery*

*Corp.* v. *Hudson,* 133 *Ga.* 271, 276 (65 S. E. 777); *Hunter* v. *Bowen,* 137 *Ga.* 258 (73 S. E. 380); *Scoville* v. *Lamar,* supra.

3. Under the foregoing rules, neither the testimony offered for the plaintiff, nor his pleadings, were sufficient to sustain a recovery by him of any land from the defendant.

4. The verdict for the defendant having been demanded as a matter of law under the pleadings and the evidence, the plaintiff can not complain of any alleged error in striking a portion of an amendment offered, which did not describe the premises sought to be recovered with any more particularity than the original petition. Nor will the plaintiff be heard to complain of any alleged errors in the charge of the court, since the court could have properly directed a verdict for the defendant. *Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 17859. SUBMITTED MAY 12, 1952—DECIDED JUNE 10, 1952—
REHEARING DENIED JULY 15, 1952.

*Johnson & Johnson, Wheeler, Robinson & Thurmond* and *R. Wilson Smith Jr.,* for plaintiffs in error.
*Telford, Wayne & Smith,* contra.