19130. PHILLIPS *et al.* v. WILSON *et al.*

SUBMITTED OCTOBER 10, 1955—DECIDED NOVEMBER 14, 1955.

*Quillian, Quillian & Thomas,* for plaintiffs in error.
*Allison & Pittard, R. F. Duncan,* contra.

HEAD, Justice. ■ The petition did not refer expressly to the abstract attached, nor was it referred to as an exhibit. "The abstract of title is not a part of the petition in a statutory action for land, unless voluntarily made so by the pleader." *Foster* v. *Rowland,* 194 *Ga.* 845 (22 S. E. 2d 777). The abstract may be amended. *Lee* v. *Houston,* 120 *Ga.* 529 (48 S. E. 129); *Dugas* v. *Hammond,* 130 *Ga.* 87, 94 (60 S. E. 268).

The fact that a plaintiff may sue for the entire fee would not prevent a recovery for an undivided fractional interest. *Donalson* v. *Yeates,* 173 *Ga.* 30, 32 (12) (159 S. E. 856). It was not error to allow the amendment reducing the amount of interest claimed by the plaintiffs.

■ The two grounds of the amended motion for a new trial are an elaboration of the general grounds. The plaintiffs contend that the defendants did not acquire title to the lands described in their petition under the deed from the administrators. The defendants rely upon the administrators' deed and insist that the lands for which the plaintiffs are suing are included in that deed.

In support of their contentions, the plaintiffs relied largely upon the testimony of the two administrators of N. G. Pharr, deceased, O. J. Pharr and Otis N. Pharr. The administrators referred in their testimony to the lands sold by them to the defendant Phillips as the Mary F. Ewing dower lands. The advertisement described the property sold to the defendant Phillips as 135 acres, more or less, known as the Jones Ewing home place. It does not appear that the respective tracts of land sold by the administrators were surveyed at any time prior to the institution of the present case.

The testimony of the administrators was vague, indefinite, and uncertain, and wholly insufficient to fix any lines with reference to the property claimed by the plaintiffs. As indicative of the type of testimony relied upon for a recovery for the plaintiffs, O. J. Pharr testified in part on cross-examination: "I didn't know where the line was between the Wilson 87½ acres, Mr. Jule Wilson's 87½ acres up there, there's no corners up there. I think that belongs to him, I think that he bought it. I don't know where the corners are between the Hall tract and the Wilson tract. I don't know how much is in the Hall tract, whether it's 50 or 38 acres, I wouldn't say, no sir, I don't know exactly how much there are."

"In an action for recovery of land the description of the property must be sufficiently definite to enable the sheriff, in the event the plaintiff recovers, to execute a writ of possession from the description given." *Hamil* v. *Gormley*, 188 *Ga.* 585 (4 S. E. 2d 471).

There was no testimony sufficient to identify the lands as the *John Hall* tract of land by location, boundary, or otherwise. The lines of separation on the south and east between the lands admittedly sold by the administrators to Edgar Phillips and the land claimed by the plaintiffs are not established by any testimony in the case. The petition does not allege, and the testimony fails to show, any measurements of the boundaries, or a starting point on any ascertainable boundary to determine the location of any tract of land; and the land claimed by the plaintiffs being bounded on two sides, in part, by property of the defendant Sharpton, it falls short of the standard required by law. *Harwell* v. *Foster*, 97 *Ga.* 264 (22 S. E. 994); *Williams* v. *Perry*, 136 *Ga.* 453 (71 S. E. 886); *Hunter* v. *Bowen*, 137 *Ga.* 258 (73 S. E. 380); *Stringer* v. *Mitchell*, 141 *Ga.* 403 (81 S. E. 194); *Darley* v. *Starr*, 150 *Ga.* 88 (102 S. E. 819); *Hamil* v. *Gormley*, supra; *Oglesby* v. *Volunteer State Life Ins. Co.*, 195 *Ga.* 65 (23 S. E. 2d 404); *Callaway* v. *Armour*, 208 *Ga.* 136 (65 S. E. 2d 585).

*Judgment reversed. All the Justices concur.*