23784. WINDOM et al. v. ROBINSON et al., Trustees.

MOBLEY, Justice. The appeal is from a judgment sustaining a general demurrer and certain special demurrers to the petition, as amended, brought by two children of Henry Franklin Windom praying that the Trustees of Eureka Baptist Church and J. W. Cantrell be temporarily and permanently enjoined from interfering with the rights of sepulcher in the family burial lot of Henry F. Windom located in a cemetery across the road from the church and for damages against Cantrell for trespassing upon the lot. The sustaining of the general demurrer and certain of the special demurrers is enumerated as error.

The allegations material to a determination of the issues are as follows: "Eureka Baptist Church and cemetery is located on approximately three (3) acres of land carved out of Land Lot 183 in the Tenth Land District of Carroll County, Georgia, north and south of the Mt. Zion-Carrollton black top road. The church being erected on the south side of said public road"; that Henry F. Windom selected a family burial lot 30 feet by 10½ feet for himself and his family in that part of the three-acre tract located on the north side of the road in about 1895 with the approval of the trustees of the church, as was the custom practiced by the church; that there were no rules and regulations; no deed was executed and no consideration paid for the lot; that the lot has been in peaceable and continuous possession of Windom and his family since 1895 and has been recognized as the Windom family burial lot by members of the church and the community; that the lot has been kept up by Windom and his family from 1895 by cutting the grass, repairing the graves and placing sand over the lot; that four members of the family have been buried in the lot between 1895 and March 12, 1947, and that three burial plots remain; and in December 1965 defendant, J. W. Cantrell took possession of these

plots enclosing same with a brick wall and putting a Cantrell marker thereon, and is planning to use it for burial of himself and family. *Held:*

It is readily apparent from the recital of the pleadings upon which petitioners rely that the petition fails to allege title to the cemetery lot or an easement for burial purposes in the petitioners. The description of the lot as being 30 x 10½ feet in the three-acre tract on the north side of the road is wholly inadequate as a legal description, as neither the location, boundaries, adjoining property owners, nor any identifying marks are set out. This action to enjoin a trespass is equivalent to a suit to recover land, and the premises sought to be recovered must be definitely described. *Hunter v. Bowen,* 137 Ga. 258 (1) (73 SE 380). See also *Martin v. Oakhurst Develop. Corp.,* 197 Ga. 288, 292 (1) (29 SE2d 179). A deed wherein the description of the property is so vague and indefinite as to afford no means of identifying the property is inoperative either as a conveyance or as color of title. *Crawford v. Verner,* 122 Ga. 814 (50 SE 958). See also *Gould v. Gould,* 194 Ga. 132 (21 SE2d 64). This description would not enable one to determine the location or boundaries of the lot, and would be insufficient as a basis for acquiring title or easement to the right of burial by prescription. See *Crawford v. Verner,* supra; *Gould v. Gould,* supra; *Brewton v. Brewton,* 167 Ga. 633 (5) (146 SE 444).

This case is not, as appellant contends, practically parallel with the facts in *Hale v. Hale,* 199 Ga. 150 (33 SE2d 441), for there the petition alleged that petitioners are the widow and children of Emmett J. Hale who at the time of his death *owned a described lot* in Mount Vernon Church cemetery. Reference to the petition shows that the petition alleges that the lot was bounded on the north, east, south, and west sides by lots of named owners. There were no demurrers in that case and it was tried on the petition as laid. In *Wright v. Hollywood Cemetery Corp.,* 112 Ga. 884 (38 SE 94, 52 LRA 621), also relied on by appellants, the petition alleged the purchase of a lot in a named cemetery described in the plan of the cemetery as Lot 122 in Block E and that petitioners received a deed thereto.

Since the petition fails to furnish a legal description of the property claimed, and alleges that neither petitioners nor their father have a deed to the property but entered into posses-

sion of the cemetery lot with the permission of the trustees of the church, it fails to show title to the property by deed, adverse possession, or otherwise. Accordingly, the petition fails to set forth a cause of action to enjoin Cantrell and the church from trespassing on the three lots which Cantrell allegedly has enclosed and taken possession of, or for damages. The court properly sustained the general demurrer to the petition. The ruling here made has no application to the four lots where members of the Windom family are buried, as no issue is made as to those lots.

*Judgment affirmed. All the Justices concur, except Candler, P. J., who dissents.*

SUBMITTED NOVEMBER 14, 1966—DECIDED DECEMBER 5, 1966.

*O. W. Roberts, Jr.,* for appellants.
*Tisinger & Tisinger, Robert D. Tisinger,* for appellees.