### 59907. BRANSOME v. BARTON et al.

BANKE, Judge.

This appeal is from a jury verdict and judgment for the appellees in a suit on an open account for materials allegedly supplied to

appellant by appellees. The uncontroverted evidence showed that appellant's wife, along with W. F. Barton, brother of the appellees, opened an account with appellees in the appellant's name; that Barton was acting as contractor for appellant in the renovation of a vacation home at Hilton Head Island, S. C.; that various purchases were charged to the account and delivered to the appellant's property at Hilton Head Island; that various statements on the account were rendered to appellant, who at no time denied the account was his; and that appellant on one occasion made a payment on the account. Barton and appellant were also partners in an unrelated enterprise involving the purchase of lots and construction of homes for sale on Hilton Head Island. On voir dire, counsel for appellees asked the prospective jurors, "[W]ould the fact that Dr. Bransome (appellant) had a partner who was a . . . brother of the plaintiff . . ." The question was interrupted by the objection of appellant's counsel. After argument, the objection was overruled. Among others, appellant enumerates this ruling as error, contending that the prospective jurors were called upon "to provide an answer . . . to one of the ultimate issues in the case without having heard evidence." *Held:*

1. "While the questions which may be propounded to prospective jurors under the provisions of Code [Ann.] § 59-705 are largely within the discretion of the court, and may include any matter or thing which would illustrate any interest of the juror in the cause, or any fact or circumstance indicating any inclination, leaning or bias, which the juror may have respecting the subject matter of the suit, nevertheless hypothetical questions involving evidence should be excluded, and no question should be so framed as to require a response from the juror which might amount to a prejudgment of the case." *Atlanta Joint Terminals v. Knight,* 98 Ga. App. 482 (4) (106 SE2d 417) (1958). While appellant argues that the question posed to the juror called for such a response, the record before us does not support his contention. The transcript indicates only that counsel argued as to the relevance of the partnership relationship, that the trial court overruled the objection, and that voir dire continued, with no indication of what questions were subsequently asked or what responses received. The partially completed question and the colloquy of court and counsel which followed are insufficient to establish error.

2. Appellant next enumerates as error the admission of portions of the testimony of Leon Barton, one of the appellees, over hearsay objection. The testimony was in essence that appellant's wife and W. F. Barton requested that the account be opened in appellant's name. Pretermitting the existence of an agency relationship between appellant and W. F. Barton, the testimony merely corroborated other

uncontroverted evidence before the jury and could not have affected the verdict. See *South Ga. R. Co. v. Niles,* 131 Ga. 599 (3) (62 SE 1038) (1908).

3. Also enumerated as error is the trial court's ruling restricting the cross examination of W. F. Barton concerning his business dealings with others not parties to the trial. Conceding for the sake of argument that this subject was somehow relevant to the credibility of the witness, see *Smith v. Varner,* 130 Ga. App. 484 (4) (203 SE2d 717) (1973), no error is shown because the objection occurred after the witness had already answered the only question put to him on the subject. The court allowed the testimony stating that it was vaguely relevant. Appellant in his further cross examination of the witness chose not to pursue the matter. This enumeration of error is without merit.

4. On cross examination, W. F. Barton testified that he had a written contract with appellant to renovate the vacation home. Appellant contends that additional testimony by W. F. Barton that appellant was to pay for the materials used was parol evidence of a contemporaneous agreement and therefore inadmissible. The contract, made a part of the record, covers only the "work" involved in the project and is silent as regards the furnishing of material. In addition, the evidence was merely cumulative to the unrefuted evidence referred to in the initial paragraph of this opinion. The enumeration is meritless.

5. Additionally appellant claims error in the charge of the court. The evidence in support of the verdict is overwhelming and uncontradicted. The trial court could properly have directed a verdict for appellees based upon the evidence before it. Under the circumstances any error found in the charge would be harmless. Accord, *Tanner v. Peck,* 209 Ga. 249 (71 SE2d 611) (1952). It follows that failure to direct a verdict for appellant, also claimed as error, is also without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED MAY 8, 1980 — DECIDED JUNE 9, 1980.

*J. Samuel Choate, Jr., Mary Colley,* for appellant.
*Richard A. Slaby,* for appellees.